CAMDEN AND ROCKLAND WATER COMPANY

*vs.*

GILMAN B. INGRAHAM.

Knox.   Opinion December 14, 1892.

*Eminent Domain.   Water Company.   Parties.   New Trial.   Practice.*

On a petition to assess the damages for land taken for public purposes it is not necessary to join a mortgagee of the land as a party to the proceedings, if the mortgagee files in the case a release of his right seasonably enough to protect the land-takers from liability to pay the damages or any part of them twice.

Where a request is made for an instruction to the jury that the burden lies upon a person claiming damages to prove the amount of damages sustained by him, and the judge merely through inadvertence omits to give the

instruction, a new trial will not be granted unless it is seen that some injury has been suffered by the requesting party by the omission.

ON EXCEPTIONS.

This was an appeal from an award of the County Commissioners of Knox County assessing damages at $500.00 in favor of Gilman B. Ingraham, for the taking of the waters of Oyster River Pond to the amount of 750,000 gallons daily by the complainant corporation. The injury claimed by Ingraham was the diversion of the water from the outlet of the pond which ran through, and as it was claimed by Ingraham, furnished the only supply of living water to a pasture owned by him and a part of and connected with his farm. It was admitted that the farm and pasture were the property of said Ingraham, subject to an outstanding mortgage to the Camden Savings Bank, for the sum of $1400. The presiding justice upon this branch of the case instructed the jury as follows : .

"His title is admitted, except that the defendants deny that he has a right to recover in this action because of a mortgage upon the same to the Camden Savings Bank, and they request me to rule to you that he cannot recover in this action. I decline to so rule, because the Camden Savings Bank has filed a paper here which, in my judgment for the present, allows Mr. Ingraham to prosecute this suit and will bind the Camden Savings Bank to abide any judgment or any amount of damages which you may assess. So, then, you will determine the case as though there were no mortgage upon Mr. Ingraham's property."

The outlet of Oyster River Pond, the Oyster River Stream, runs through the pasture of said Ingraham and does not touch any other part of his farm.

The pasture is from one half to three-fourths of a mile from Oyster River Pond with a descending grade nearly all of the way.

The complainant corporation contended that, on account of the watershed below the pond and springs along the line of the outlet of the pond, for the purpose of watering cattle, there was as much water flowing in said outlet during the dry seasons of the year as there was before the taking during equally dry

seasons, and that as an element of irrigation said outlet was of no appreciable value to said pasture or farm. The complainant corporation requested the presiding justice to instruct the jury as follows:

"Complainant Ingraham is not entitled to recover any damages unless he has satisfied you by a preponderance of the evidence that the taking of the water of Oyster River Pond by the Camden and Rockland Water Company has diminished the flow of water through his pasture.

"The burden is upon complainant Ingraham to satisfy you of the amount of water that ran in the Oyster River Brook before the taking by the water company and that the amount flowing there since the taking is perceptibly less than before, so as to injure the complainant's pasture for pasturage purposes, and the amount of such injury, if any.

"If the taking of the water by the Camden and Rockland Water Company has not resulted in the practical diminution of the flow of water through the complainant Ingraham's pasture, then the complainant is only entitled to nominal damages.

"The damages sustained by the complainant Ingraham are the amount that the pasture through which the brook runs, situated as it is, connected with the farm of said Ingraham, is worth less after the taking by the company than it was before, with interest from the time of taking.

"The difference between the fair market value of the pasture situated as it was, connected with and a part of the farm of said Ingraham, before the taking by the water company, and its fair market value situated and connected as aforesaid after the taking, with interest on the same from the date of taking, is the measure of damages which said Ingraham is entitled to recover."

All of which instructions he declined to give except as they were given in the charge.

The presiding justice instructed the jury as follows, on the question of damages:

"Now, gentlemen, this plaintiff is the owner of a farm, consisting of tillage and pasture, a homestead upon which he lives. It had the benefit and advantage of Oyster Brook run-

ning through the pasture. That pasture, according to the evidence, is suited for and is used by him for grazing, as a part of his farm, enabling him to thereby support his cattle in summer by grazing that he sustained in winter by the hay which he cuts upon his tillage land. I say to you that the farm you are to treat as a whole. If the plaintiff has suffered damages by reason of the taking of this water, in the whole of that farm, you are to compensate him ; and you are to do no more than that. How much more is this farm worth with this water than it is without it? What is the difference, if you choose to put it that way, in the market value of the farm before this water was taken and after it. was taken? Or, as the counsel for the defendant has very fairly put it to his witnesses, what is the difference in the value of the pasture as a part of the farm and in connection with the farm before and after."

The presiding justice also gave other and full instructions upon the question of damages which were not excepted to.

The jury returned a verdict for $425.00 with interest $108.38, in all amounting to $533.38, and the complainant corporation excepted.

*C. E. and A. S. Littlefield*, for Water Company.

Mortgagee is a necessary party. *Wilson* v. *Railway*, 67 Maine, 360 ; Jones on Mortgages, § 681, and cases in note a. We are "to pay all damages that shall be sustained by any persons." Cases holding contrary doctrine are those where the fee does not pass to mortgagee. Held to be proper party in flowage case. *Wright* v. *Packer*, 114 Mass. 475.

If after the taking, the value of the pasture was depreciated, for instance the sum of $500, to that extent the Camden Savings Bank would be a party sustaining damage. To such parties the company is made expressly liable by the provisions of its charter. This eliminates the element of technical ownership upon which the other cases turn, for the company in accordance with *Wilson* v. *E. & N. A. Railway* must see, at its peril, that the mortgagee is paid or satisfied. Where the mortgagee only is is entitled to damages by reason of having a technical ownership, *a fortiori* under the terms of this company's charter.

But inasmuch as the company cannot institute proceedings, and as they must be instituted by parties sustaining damage, we see no way by which the company can protect its rights except by insisting that the mortgagor, under such circumstances, join the mortgagee with him in the proceedings for the recovery of damages. In what other way can the company compel the payment of the damages to the mortgagee, if the company has not the right to insist on the mortgagee becoming a party, and thus being bound by the proceedings?

We have the rule of law requiring the company to see that the mortgagee is paid or satisfied, and then the legal proposition that it passes absolutely beyond the power of the company to insure the reaching of this result. It seems that the law cannot be guilty of such an inconsistency.

*J. H. and C. O. Montgomery*, for Ingraham.

PETERS, C. J. Whilst the case of *Wilson* v. *Eu. & N. A. Railway Co.* 67 Maine, 358, decides that a mortgagee of land taken for public purposes should be made a party to proceedings instituted to ascertain the land-owner's damages for such taking, the necessity for such joinder is mostly, if not wholly, for the protection of the parties who take the land, that they may not be exposed to the risk of paying the damages twice. The mortgagee cannot be regarded as an indispensable party where such protection is not needed; and such is the principle deducible from the opinion in that case. Some courts do not admit the necessity of making mortgagees parties in such proceedings in any circumstances. The mortgagee certainly cannot be required to become a party when he has effectually disclaimed all claim or interest in the damages recoverable.

The presiding judge instructed the jury that no attention need be paid to the fact that the Camden Savings Bank had a mortgage on the land of this complainant because the bank had filed in the case a waiver of all claim to damages. This was correct provided the paper filed was a sufficient waiver, but that fact the other party denies. It seems that the paper first filed as a waiver, upon objection to it as insufficient, was taken off the

files by counsel for the land-owner and another substituted by him in its stead without the assent of opposite counsel or of the court. We think a new trial should not be granted on that account, whether the first paper filed was valid for the purposes for which it was intended or not, inasmuch as the sufficiency of the second paper is not questioned. The absence of the mortgagees as parties could not be of consequence, so long as they cannot in the future make any claim to the damages. The management of the trial would be the same whether the mortgagees were in or out of the litigation, the question in relation to parties and title being incidental merely.

Counsel for the land-takers asked the judge to instruct the jury that the burden lay upon the land-owners to prove that damages were sustained by the taking, and the amount of such damages. The judge did not refuse to give the requested instruction but forgot to make mention of it. It is admitted that the omission was through inadvertence. In such case the judge should have been reminded of the request by counsel. But the omission was harmless in any view. The proposition was so self-evident as to speak for itself. The jury must have seen for themselves that only such damages should be allowed as were proved. The course of the trial and the tenor of the whole charge were to that effect. Nothing to the contrary was suggested or indicated in any way.     *Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.