## COURT OF APPEALS,
### Jan. 26, 1909.

## THE PEOPLE v. JOHN MORRISON.

(194 N. Y. 175.)

(1). LARCENY—CLAMS AND OYSTERS.

When clams or oysters are reclaimed from nature and transplanted to a bed where none grew naturally, and the bed is so marked out by stakes as to show that they are in the possession of a private owner, they are personal property and may become the subject of larceny.

(2). TRIAL—CROSS-EXAMINATION—OBJECTION.

On cross-examination of a witness, a general objection to an inquiry whether he is under indictment, is sufficient, since the objection is one which could not have been obviated, and under the well-settled rule that the question is improper, its admission constitutes reversible error.

*People v. Morrison*, 124 App. Div. 10, reversed.

(Argued January 14, 1909; decided January 26, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the Second Judicial Department, entered January 24, 1908, which affirmed a judgment of the Court of Special Sessions in the borough of Brooklyn convicting the defendants of the crime of petit larceny.

The charge against the defendants was that "On the eleventh day of March, 1906, at the Borough of Brooklyn, of the city of New York, in the county of Kings, (they) did wilfully, knowingly and wilfully steal, take and carry away five bushels of hard clams and one-half bushel of oysters, of the total value of ten dollars, of the goods, chattels and personal property of H. W. Schmelke and Company, against the form of the statute in such case made and provided." The issue joined by the plea of not guilty was tried before three justices of said court and resulted in the conviction of the defendants, with one dissenting vote. Thereupon the defendant Fran-

cisco was fined one hundred dollars or fifty days in jail and the defendant Morrison fifty dollars or twenty-five days in jail. Upon appeal taken by both defendants to the Appellate Division, the judgment of conviction was affirmed, and thereupon they appealed to this court.

*Hector McG. Curren* and *Martin T. Manton,* for appellants. The prosecution has failed to prove that the defendants committed larceny. Penal Code, § 528; *People v. Gaynor,* 33 App. Div. 98; *People ex rel. Perkins v. Morse,* 113 App. Div. 329; *McCurt v. People,* 64 N. Y. 581; *People v. Plath,* 100 N. Y. 592; *People v. Burton,* 1 N. Y. Cr. Rep. 297; *People v. Grin,* 3 N. Y. Cr. Rep. 317; *People ex rel. Vanbergen v. Welles,* 89 Hun, 96; *People v. Fleck,* 125 N. Y. 324; *People v. Pollock,* 51 Hun, 615; *People v. Bosworth,* 64 Hun, 78.

*John F. Clarke, District Attorney (Peter P. Smith* of counsel), for respondent. The conviction was warranted by the law and the facts. *People v. Wanzer,* 43 Misc. Rep. 136; *Denton v. Bennett,* 102 App. Div. 454; *Vroom v. Tilly,* 184 N. Y. 168.

VANN, J.:

Upon the trial evidence was given tending to show the firm of H. W. Schmelke and Company for 20 years had been in the possession of a plat of land two hundred feet long and fifty feet wide, under the waters of Jamaica bay. They had cleaned the ground "entirely up" and then transplanted upon it clams and oysters, which they had previously procured from others waters and planted on another plat belonging to them. The plat in question was staked out and marked according to custom, and the stakes replaced when shifted by ice or otherwise. There was no natural growth of clams upon it, although there was in other parts of the bay. Three days before the

defendants are alleged to have taken the shellfish now under consideration, a member of said firm saw them taking clams from his plat, and when he told them to stop they promised they would. Three days later he found them digging clams and oysters from the same bed, and again told them to stop, but they said they would dig clams anywhere. They took away five bushels of hard clams and a half bushel of oysters worth about eight dollars. They did it openly and in the day time, claiming they had a right to, but the good faith of the claim involved a question of fact.

The evidence for the prosecution was sufficient, if believed, to justify the conviction of the defendants. When clams or oysters are reclaimed from nature and transplanted to a bed where none grew naturally, and the bed is so marked out by stakes as to show that they are in the possession of a private owner, they are personal property and may become the subject of larceny. Although in the nature of *ferae naturae,* to which a qualified title may be acquired by possession, when reclaimed and transplanted they need not be confined, for as they cannot move about they cannot get away, even when placed in the water, as they must be in order to live. They and their produce thus cease to be common property and belong exclusively to the one who transplanted them, and whoever takes them from the plat without his permission is a trespasser, and it may be, a thief. *Fleet v. Hegeman,* 14 Wend. 42; *Decker v. Fisher,* 4 Barb. 592; *McCarty v. Holman,* 22 Hun, 53; *Sutter v. Van Derveer,* 47 Hun, 366; *Lowndes v. Dickerson,* 34 Barb. 586; *Post v. Kreischer,* 103 N. Y. 110; *Vroom v. Tilly,* 184 N. Y. 168, 171. It is a misdemeanor to take and carry away oysters so planted. L. 1866, ch. 753.

We think, however, that the judgment of conviction cannot stand, because an error was committed upon the trial which requires a reversal. There was a strong conflict in the evi-

dence, and several witnesses for the defendant, including the defendant Morrison, testified that the plat from which they took the clams and oysters was not staked out, and that there were no stakes surrounding it. Whether the plat was staked was a vital fact in the case, and hence the credibility of the witnessees who testified upon that issue was important.

After the defendant Morrison had testified that there were no stakes or boundary lines in the locality where he took the clams and oysters, he was asked during the cross-examination by one of the justices who presided at the trial certain questions, which, with the answers thereto given under objection and exception, are set forth in the record, as follows: "Q. Are you under indictment for taking oysters and clams?" "A. Not for oysters." "Q. Well, for clams?" "A. For clams." "Q. Are you really under indictment for taking clams or oysters from this bed?" "A. I guess it is on the same question, but I never took an oyster in my life." "Q. Did you or did you not say you are under indictment — do you know whether there is or is not an indictment pending against you, charging you with taking clams?" "A. Yes, sir, from this very bed."

We have recently held, and the law was well settled before, that "The defendant in an action either civil or criminal, cannot be asked on cross-examination whether he has been indicted, for an indictment is merely an accusation and no evidence of guilt." *People v. Cascone,* 185 N. Y. 317, 334, 20 N. Y. Crim. 175. See, also, *Van Bokkelen v. Berdell,* 130 N. Y. 141, 145; *People v. Crapo,* 76 N. Y. 288, 290.

While the objection was general, still it is clear that if it had been specific it could not have been obviated, and hence we think the exception raised reversible error. The questions were asked by the court itself, and we cannot say what effect the answers had upon the minds of the justices who, but for this

evidence, might all have believed, as one of them apparently did believe, the testimony of the defendant Morrison.

The judgment of conviction should be reversed and a new trial ordered.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WERNER and HISCOCK, JJ., concur.

Judgment of conviction reversed.