Argued January 13; reversed February 9; mandate issued
April 27, 1937

# SVENSON *v.* BRIX ET AL.

(64 P. (2d) 830)

*William P. Lord,* of Portland (T. Walter Gillard, Elton Watkins, and Johnston Wilson, all of Portland, on the brief), for appellant.

*F. M. Phelps,* of Portland (Russell Sewall, of Portland, James L. Hope, of Astoria, and Phelps & Burdick, of Portland, on the brief), for respondent Brix.

*G. C.* and *A. C. Fulton,* of Astoria, for respondents Patton, Osburn, and Fulton.

*I. H. Van Winkle,* Attorney General (Hesse & Franciscovich, of Astoria, on the brief), for respondent Schramm.

BAILEY, J. Plaintiff G. H. Svenson appeals from the judgment of the circuit court dismissing the action instituted by him against the defendants after motions of defendants to strike the amended complaint from the files, on the ground that the same contained

more than one cause of action not separately stated, had been allowed and the plaintiff had refused to plead further. The defendants, with the exception of A. A. Schramm, were the directors of Astoria Savings Bank during the time that the acts were done which gave rise to the asserted causes of action, and Schramm was state superintendent of banks during that time and for approximately twenty-one months prior to the closing of that bank.

The original complaint was filed on June 16, 1931, and in addition to the above-named defendants National Surety Company, which was the surety on the official bond of Schramm as superintendent of banks, was also made a defendant. Motions were directed against the complaint on the ground that it contained more than one cause of action not separately stated. These motions were sustained and on October 16, 1934, the amended complaint was filed, omitting the surety company as one of the defendants.

The amended complaint avers that the defendants other than Schramm, as directors of Astoria Savings Bank, for a long time prior to March 6, 1923, represented to the plaintiff that Astoria Savings Bank was a state banking institution, had theretofore established and was maintaining a savings department in conformity to the laws of the state of Oregon and that savings accounts placed with that bank were kept in said savings department separate and apart from the general funds of the bank; but that said bank had not established a separate savings department and did not maintain one or keep the funds deposited in said department separate and apart from the funds deposited in the commercial department of the bank, although it did maintain a "so-called interest-bearing deposits department". The complaint further alleges that said representations

were made to the public generally and to the plaintiff in particular for the purpose of procuring the accounts of the public and of the plaintiff in particular as savings accounts; that said representations were made for the purpose of having the public and the plaintiff in particular rely upon said representations; and that the plaintiff did rely upon said representations and on or about March 6, 1923, deposited with Astoria Savings Bank "in said so-called savings department" the sum of $1,000, and afterward "at sundry times deposited other sums therein and made withdrawals therefrom".

It is then alleged that on May 11, 1929, plaintiff had on deposit in Astoria Savings Bank the sum of $9,026.40 and attempted to withdraw the same from the bank and was informed by the defendant directors, "pursuant to the policy adopted by said defendant directors", that said account was a savings account and that under the laws of the state of Oregon said bank had a right to demand a notice of six months before permitting plaintiff to withdraw his funds; and that plaintiff was by said representations prevented from withdrawing his deposits from that bank.

The complaint avers that on June 18, 1929, Astoria Savings Bank became insolvent and was taken over and its affairs administered thereafter by the state superintendent of banks; that on June 20, 1929, plaintiff learned for the first time that his account in said bank was not a savings account, that said bank did not maintain a savings department and did not keep the funds in said so-called savings department separate and apart from those in the commercial accounts; and that plaintiff was entitled to withdraw his funds from said bank on demand and should have been permitted to withdraw the said funds on May 11, 1929, when he applied so to do.

Concerning the defendant Schramm the complaint alleges:

"That defendant A. A. Schramm, as superintendent of banks, knew that said Astoria Savings Bank by and through the above named defendant directors, was requiring notice of withdrawal on all of the so-called savings accounts or interest-bearing deposits contrary to law, and with the knowledge thereof and in violation of his oath of office and his duty as superintendent of banks, permitted said Astoria Savings Bank and said defendant directors to continue to require said notice of withdrawal on all said interest-bearing deposits, and took no steps to enforce a discontinuance of said practice, but knowingly permitted the same to continue until said bank was taken over by said superintendent of banks on June 17, 1929."

As a concluding paragraph it is alleged that Astoria Savings Bank is insolvent and will not pay to plaintiff more than 50 per cent of his claim, and that therefore plaintiff has been damaged in the sum of $4,513.20, for which amount he demands judgment against the defendants.

■ The first question for determination is whether more than one cause of action is stated in the amended complaint. It is argued by some of the respondents that several different causes of action are stated against the defendant directors, in addition to a cause of action against the superintendent of banks. As we construe the allegations of the amended complaint, there is only one cause of action stated against the directors. The averments concerning representations made by the directors whereby the plaintiff was led to deposit his money in Astoria Savings Bank are merely matters of inducement, explaining how the plaintiff happened in the first instance to deposit money in that bank. The plaintiff's claim arose from the fact that he was not

permitted to remove his money from the bank at the time he applied for its withdrawal. He was not entitled to two recoveries from the defendant directors, one based upon the false representations as to the bank's maintaining a savings department and the other upon the loss suffered by him because of the misrepresentations as to the necessity of giving six months' notice of intention to withdraw his money.

We are not here concerned with what the plaintiff's claim would be against the bank itself for breach of contract because of failure to honor his demand at the time he sought to withdraw his funds, for the reason that the bank itself is not made a party to this action. The directors of the bank are sought to be held liable for alleged misrepresentations by reason of which the plaintiff suffered damages.

■ The superintendent of banks is not charged with misfeasance or malfeasance in office. He is not charged with having made any representations to the plaintiff or with having conspired with the directors of the bank to defraud the plaintiff. Nor is he charged with negligence. The only ground on which there is an attempt to hold the superintendent of banks liable is that he failed to perform some duty imposed upon him by law. In other words, he is charged with nonfeasance in office.

In Throop on Public Officers, § 724, it is said:

"With respect to officers exercising ministerial powers, the rule of law is well settled, that where an individual sustains an injury by the malfeasance, misfeasance, or nonfeasance of such an officer, acting or omitting to act contrary to his duty, the law gives redress to the injured person by action for damages. The officer is liable for nonfeasance, that is, for an omission to do his duty, only to the person who has a special in-

terest in the performance of that duty; as where a sheriff, or other officer having corresponding functions, fails to fulfill the directions of the process delivered to him; in which case he is liable only to the party interested in the execution of the process. But for misfeasance, or negligence in the performance of his duty, and also for malfeasance, or excess or abuse of his power, he is liable to any person who sustains injury thereby."

■ In 2 Cooley on Torts (4th Ed.), § 300, the author, after pointing out the fact that a sheriff upon receiving "for service an execution against the goods and chattels" of a debtor owes a duty to the individual to perform the service thus requested of him, for failure to perform which duty the individual is entitled to appropriate redress, says:

"The rule of official responsibility, then, appears to be this: That if the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages."

The text writer then discusses certain officers, such as recorder of deeds (§ 303), and states that although such offices are created for public benefit, nevertheless many of the duties devolving upon incumbents of the offices are to individuals exclusively, and therefore the liability of the officers to individuals differs materially from the liability of officers whose duties are to the public rather than to individuals. In § 301 the author for example refers to a quarantine officer whose duties require him to take proper steps to prevent the

spread of contagion. It is pointed out that should he neglect to do his duty and a number of persons be affected in consequence thereof, such individuals would not have a right of action against him for failure to perform his public duty.

■ The duties of the superintendent of banks are duties to the public and not to the individual, and a mere failure of that officer to perform some one of his duties does not give rise to a cause of action against him by an individual who may be affected by such nonperformance of duty. If it were otherwise, in the case of every bank failure it might be contended that the superintendent of banks knew of the insolvency of the bank and should have taken measures to close the bank, and that because the bank had not been placed in liquidation many depositors had suffered damages and were entitled each to recover from the superintendent of banks.

If it should be concluded that the duties of the superintendent of banks were not merely ministerial in the instance before us, and that he had some discretion as to whether or not he should act to correct the alleged violation of law by the directors of Astoria Savings Bank, then it would follow that an individual would not have a cause of action because of failure to perform a discretionary duty imposed upon that officer.

■ Pomeroy's Code Remedies (5th Ed.), § 342, points out that where two causes of action separately stated are improperly united the correct procedure is to demur to the complaint on that ground. But as to whether or not the demurrer should be sustained, the author says:

"To sustain a demurrer for this reason, however, the complaint must contain two or more good grounds of suit which can not properly be joined in the same

action. When a complaint, therefore, consists of two or more counts, and one sets forth a good cause of action, and another does not, although it attempts to do so, the pleading is not demurrable on the ground of a misjoinder, even though the causes of action could not have been united had they been sufficiently and properly alleged.''

So, in the case at bar, since an inspection of the amended complaint makes apparent that such pleading states only one cause of action against the defendant directors and no cause of action against the superintendent of banks, it follows that the motion to strike should have been denied. Therefore, the judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

KELLY, J., not participating.