ROBINS ISLAND CLAM CO., INC., Plaintiff, *v.* WILLIAM GAFFGA and Others, Defendants.

Supreme Court, Suffolk County, December 31, 1938.

*Seth A. Hubbard* and *Stanley Fowler*, for the plaintiff.

*Saxstien & Scheinberg* [*Harry Saxstien* of counsel], for the defendants.

NORTON, J. Plaintiff by this action seeks to restrain the defendants from taking clams allegedly owned by plaintiff corporation from the area immediately to the west of plaintiff's property. It is plaintiff's claim that clams which the plaintiff corporation had planted or bedded on its property had been shifted to the adjoining area by the action of the severe storm of September 21, 1938. Defendants, however, maintain that clams found on public lands

could be taken by them or by any one and that if plaintiff ever had property in the clams such property was lost when they were shifted over to public lands.

The proof shows that for at least two years prior to the storm of September 21, 1938, no clams of any moment were taken from the area west of plaintiff's land. This territory was practically barren of clams. It further shows that plaintiff, in furtherance of its business of cultivating, planting and selling clams, had many thousands of bushels of clams on its property just prior to the aforementioned storm, and that the day after the storm, which was of hurricane proportion, clams in abundance were found on the public lands to the west of plaintiff's property. Because of these facts I am convinced that the clams in question were shifted by the force and action of the hurricane from plaintiff's property to the public lands and that said clams were in reality those planted by plaintiff corporation. I am further of the opinion, and I so hold, that the shifting of the clams, caused by an act of God, did not operate to divest plaintiff of its right to them. It was held in *Fleet* v. *Hegeman* (14 Wend. 42) that oysters are subjects of property, and that one may acquire at least a qualified property if not an absolute property in them. And so it must be with clams, for clams are akin to oysters. Neither has the power of locomotion nor has either the properties of mushrooms. Only an unusual occurrence, such as the hurricane of September twenty-first, could cause a shifting of clams of the magnitude testified to in this action. To permit plaintiff to be divested of its right to these clams under the circumstances of this case, to deprive it of the benefit of its industry and care, would be highly inequitable and unjust.

I, therefore, direct that judgment be entered in favor of plaintiff against the defendants, which judgment shall direct that defendants be enjoined from digging, removing or taking clams within 150 feet west of plaintiff's land for a period of thirty days after entry of judgment herein, and that during said thirty days plaintiff may reclaim and retrieve the clams within said area. At the expiration of thirty days the inhibition granted shall expire. Settle findings and judgment on notice.