Argued December 2, reversed and remanded December 31, 1959

# COOS BAY OYSTER COOPERATIVE *v.*
# STATE HIGHWAY COMMISSION

### 348 P. 2d 39

W. C. *Winslow*, Salem, argued the cause for appellant. With him on the briefs was Norman K. Winslow, Salem.

*John C. McLean*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and L. I. Lindas, Charles Peterson, and William A. Mansfield, Assistant Attorneys General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY and REDDING, Justices.

REDDING, J. (Pro Tempore)

This is an appeal by plaintiff from an order of the circuit court for Coos County dismissing plaintiff's inverse condemnation action against the state of Ore-

gon. The order of dismissal resulted from plaintiff's refusal to plead further after the trial court sustained defendant's demurrer to each of the seven causes of action alleged in plaintiff's amended complaint.

In 1952 the highway commission prosecuted to judgment 18 condemnation actions to acquire title to those lands in Silver Point No. 1 which were within the right of way boundaries of the new highway. Oysters were then growing on all the 296 tracts of Silver Point No. 1.

In each of the 18 condemnation cases it was necessary to determine the "larger tract" involved in order to compute the damages to the remainder after the area within the right of way was taken. The larger tracts in each instance consisted of the total number of oyster tracts or fractions thereof contiguous, one to the other, and in common ownership as respects the fee.

In the instant case plaintiff's first cause of action consists of a claim for the alleged "taking" by the state of the oysters growing on all 296 of the 1-acre tracts in Silver Point No. 1, which were not included in the 18 condemnation actions above mentioned. The oysters on each and all of the said 296 tracts were owned by plaintiff at the time the highway was constructed.

The second cause of action is based upon the alleged taking of a certain parcel of land consisting of several tracts located within Silver Point No. 1 and owned in fee by the plaintiff. Each of the remaining five causes of action is likewise for the taking of a separate and different parcel of land constituting a part of said Silver Point No. 1, the owner in fee in the case of each of said five parcels having assigned his claim to plaintiff.

Plaintiff asserts three assignments of error on this appeal. The first two assignments of error concern the correctness of the court's ruling in striking from plaintiff's original complaint portions thereof. The third assignment of error deals with the principal question raised on this appeal and relates to the alleged error of the court in sustaining defendant's demurrer to plaintiff's amended complaint.

■ In its original complaint plaintiff alleged in detail the manner and method of propagating oysters and the conditions essential for their growth. The trial court ordered all such averments stricken, on the ground *that they constitute, at best, the pleading of evidence, if that.* Plaintiff in its first assignment of error contends that the trial court erred in ordering said allegations stricken. In an inverse condemnation suit such as this the correctness of the trial court's ruling in striking such matter from the complaint as being irrelevant and immaterial requires no citation of authority.

■ Plaintiff in its original complaint alleged its ownership of all the oysters growing on the 296 1-acre tracts located within Silver Point No. 1 at the time the highway fill was constructed. In assignment of error No. 2 plaintiff challenges the court's ruling in striking from plaintiff's original complaint an allegation to the effect that the state had not paid any damages for the taking of the oysters, *except as thereafter enumerated,* listing 58 separate tracts of the 296 on which damages had been paid.

The 58 enumerated tracts consisted of those upon which payment previously had been made in the 18 prior condemnation actions filed by the state and brought to judgment. Those 18 cases were resolved pursuant to a stipulated compromise. The fact the

state previously saw fit to make payments for damages to certain tracts is in no way material to any question properly an issue in this inverse condemnation action, and the allegations with reference thereto appearing in plaintiff's original complaint were properly stricken.

The defendant demurred to plaintiff's first cause of suit upon the following two grounds, to-wit:

"1. That the face of the amended complaint demonstrates that plaintiff's purported FIRST cause does not state facts sufficient to constitute a cause of action.

"2. * * * upon the ground that said amended complaint discloses upon its face that the same calls for numerous causes of action improperly united, in that the several parcels of land and all the appurtenances a part of the land, including claimed crops of oysters growing thereon, are in diverse ownerships and thus result in a pleading where the claim of any one person will not affect all the parties to the action."

In addition to the above two grounds, defendant demurred to plaintiff's remaining six causes of action upon the further ground, to-wit:

"3. Defendant further demurs to plaintiff's purported SECOND cause of action upon the ground that it appears from the face of the amended complaint that the court has no jurisdiction of the person of the defendant in that said amended complaint does not allege that defendant has consented to be sued."

■ The third ground of said demurrer hereinabove referred to was not seriously urged upon argument or in the brief of defendant, and we conclude that said third ground is without merit.

While the wording of the first two grounds of defendant's demurrer is not identical as to each of plain-

tiff's seven causes of action, the variation therein as to each cause is not material so far as our consideration thereof on this appeal is concerned.

The trial court sustained plaintiff's demurrer upon the first ground, to-wit: that each cause fails to state facts sufficient to constitute a cause of action. It would appear that the trial court's ruling was predicated on the premise that an oyster crop is a part of the realty when the subject of an inverse condemnation action, and that each of the seven purported causes of action consists of a claim for the taking of a fractional interest only in real property. Cause of action No. 1 is for an alleged taking of a crop of growing oysters only, while the remaining six causes of action are for the alleged taking of certain enumerated tracts comprising a part of the land on which the oysters for which recovery is sought in the first cause are presently growing.

■ Defendant in its brief states its position with reference to defendant's demurrer to plaintiff's amended complaint upon said first ground as follows:

"*  *  * All we are contending at this point is that plaintiff cannot allege the taking of one particular interest in a piece of realty in one count (e.g., the oysters, Cause of Action No. 1) and the taking of another or the remaining interest in the same parcel of realty in another count (e.g., the land underlying the oysters, Causes of Action II through VII). Having arbitrarily divided the fundamental unit (realty) claimed to have been taken into 'oysters' and 'land,' the causes of action for each interest are insufficient for want of the other."

If planted growing oysters constitute an interest in real property, there is an improper splitting up of plaintiff's claim for the taking of the realty, with the result that all the causes of action are fractional

and incomplete. Allowance of separate actions for fractional claims would inevitably result in the pyramiding, duplicating and overlapping of damage items, to the detriment of the condemnor. *State v. Burk,* 200 Or 211, 255 P2d 783; *Pape v. Linn County,* 135 Or 430, 296 P 65. For holdings in inverse condemnation actions in keeping with the holding in the Burk case see *Camden & Rockland Water Co. v. Ingraham,* 85 Maine 179, 27 A 94; *Meacham v. Fitchburg R. Co.,* 58 Mass (4 Cush) 291; *Hastings & G.I.R. Co. v. Ingalls,* 15 Neb 123, 16 NW 762; *Ackerman v. State,* 199 Misc 76, 102 NYS2d 536; and *Davis v. The La Crosse & M.R. Co.,* 12 Wis 18.

It would thus appear that defendant's contention that plaintiff's complaint fails to state facts sufficient to constitute a cause of action stands or falls upon a finding that the oysters with which we are here concerned are to be regarded as a part of the realty. It is conceded by defendant that if the oysters are personalty, they can properly be made the basis of a cause of action separate and distinct from the cause of action for the underlying land. If, however, the growing oysters are a part of the realty, then under the holding of the Burk case their value cannot be claimed for and proved separately.

No case from any jurisdiction has been cited, nor have we been able to find any, which considers the question of whether planted growing oysters are realty or personalty in either direct or indirect condemnation proceedings. Many cases can be found which deal with the subject of planted growing oysters. However, we know of no case in which planted growing oysters are held to be realty in any situation.

In 22 Am Jur, Shellfish 670, § 5, it is said:

"The difference between the locomotive powers of swimming fish and shellfish, such as oysters and

clams, justifies the law in making a distinction as to their ownership. In their natural state, clams and oysters are classified as ferae naturae, and their ownership is vested in the state in its sovereign capacity, but where planted where they do not naturally grow, in locations marked by posts or otherwise, they partake rather of the nature of ferae domitae and are the subjects of private ownership, although their owner has no greater actual possession than is evidenced by their planting and staking. In the latter case, they may be the subject of larceny; and if one injures or converts such shellfish, he is liable to respond in damages."

In *People v. Morrison,* 194 NY 175, 86 NE 1120, 128 ASR 552, it is held:

"* * * When clams or oysters are reclaimed from nature and transplanted to a bed where none grew naturally, and the bed is so marked out by stakes as to show that they are in the possession of a private owner, they are personal property and may become the subject of larceny."

Where oyster seed which owners had planted in tidelands drifted onto adjoining tidelands during a storm, the court in *Edison Oyster Co. v. Pioneer Oyster Co.,* 22 Wash2d 616, 157 P2d 302, held:

"There is no question but that the oyster seed, and the oysters resulting therefrom, constituted personal property. We think it must also be conceded that appellant could have immediately gone upon the Nauman tracts and reclaimed the oysters, or, if such rights were denied them, they could have instituted an action of replevin to obtain such oysters, upon demand first being made."

In holding that mussels in a stream or pools are not part of the realty giving a right of action for treble damages for damage to real estate, Mr. Justice

Holmes, speaking for the court in *McKee v. Gratz*, 260 US 127, 43 S Ct 16, 67 L ed 167, said:

> "As to the rule of damages in case the plaintiff recovers, in the absence of a decision by the Supreme Court of the State we should not regard the mussels as part of the realty within the meaning of the statute relied upon in the second count * * *."

See also *Robins Island Clam Co. v. Gaffga*, 8 NYS2d 969, 170 Misc 362; *Vroom v. Tilly*, 91 NYS 51, 99 App Div 516; *State v. Taylor*, 72 Am Dec 347, 3 Dutcher 117.

██ We hold that the planted crop of oysters growing on the real property referred to as Silver Point No. 1 are personal property and should not be regarded as a part of the realty in the within inverse condemnation proceeding. We are unable to agree with the contention of the defendant that in a condemnation proceeding, whether direct or indirect, planted growing oysters should be likened to growing crops. We are not unmindful that property that is personality in one situation may very well be realty in another. *Jones v. Adams*, 37 Or 473, 59 P 811. However, it would indeed require an unrestrained excursion in mental gymnastics to arrive at the conclusion that a crop of oysters (animals) constitutes a part of the realty in any situation. Unlike shrubs and other plants which under certain circumstances have been held to be a part of the realty, oysters are not in any way rooted to the soil and indeed obtain their sustenance from the water surrounding them and not from the land. It follows that the defendant's demurrer upon the ground that each cause of action appearing in plaintiff's amended complaint fails to state facts sufficient to constitute a cause of action is not well taken and should have been overruled.

■ The lower court in sustaining defendant's demurrer did so upon the first ground as stated in said demurrer only. Having concluded that the lower court was in error in sustaining defendant's demurrer upon the first ground as stated therein, it becomes necessary to here decide whether the second ground as stated in said demurrer is well taken, thus warranting an affirmance of the lower court's order, though on another and insufficient ground. *Murray v. Lamb,* 174 Or 239, 148 P2d 797; *Feehan v. Kendrick,* 32 Idaho 220, 179 P 507; *Gendelman v. Mongillo,* 96 Conn 541, 114 A 914; *Acequia Del Llano v. Acequia etc., Del Llano Frio,* 23 NM 134, 179 P 235, 238.

■ Although the order of the lower court is silent in regard to defendant's second ground of demurrer, i.e., that several causes of action have been improperly united, it is clear from the trial court's accompanying opinion that it believed that ground not well taken, since it went to each of the causes of action separately rather than to the complaint as a whole. We agree with the trial judge that the second ground as stated in defendant's demurrer fails to raise the question of misjoinder of the several causes of action separately pleaded in plaintfif's amended complaint, since it goes to each cause of action separately rather than to the complaint as a whole. In *Svenson v. Brix,* 156 Or 236, 64 P2d 830, it is stated:

"Pomeroy's Code Remedies (5th Ed.), § 342, points out that where two causes of action separately stated are improperly united the correct procedure is to demur to the complaint on that ground."

In 41 Am Jur, Pleading 452, § 227, the rule is thus stated:

"*   *   * The proper method of raising the question of misjoinder of actions is by a demurrer

to the whole declaration, otherwise, the question of misjoinder is not raised."

Defendant makes no contention that more than one cause of action has been alleged within any of the causes of action separately stated in plaintiff's amended complaint. The question of misjoinder of actions is, therefore, not before us. Accordingly, the order of dismissal appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.