OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
With respect to his conviction for attempt to commit robbery, defendant contends that inasmuch as he was charged with attempting to steal money “from Dennis O’Connor”, the People were required to prove that O’Con-nor was an “owner”, i.e., a “person who has a right to possession * * * superior to that of the taker” (Penal Law, § 155.00, subd 5). The jury was charged in the language of the statute, which did not require proof here that O’Connor had an independent right of possession but only that he had a possessory right which, however limited or contingent, was superior to that of defendant. Because the proof was uncontradicted that O’Connor was an employee of the bank it cannot be said that the jury was not warranted in concluding that as such employee he had a right of possession superior to that of defendant, who had no right of possession whatsoever. In this view it is immaterial that the proof was that the bank’s money came from the drawer of two other tellers.
In relation to his conviction for escape (Penal Law, § 205.10, subd 2), defendant urges that it was error for the *870 trial court not to have given a charge requiring a showing of knowledge or volition. The Trial Judge had charged the language of the statute (“having been arrested for a felony, he escapes from custody”) and the statutory definition of custody (“restraint by a public servant pursuant to an authorized arrest” [Penal Law, § 205.00, subd 2]) and had told the jury that to convict on the escape count it must find that on September 11, 1977 defendant had been lawfully arrested for a felony, that he was then in the custody of a police officer pursuant to an authorized arrest and that on that day he escaped from custody. The commonly understood, definition of the verb “escape” is “to get away (as by flight or conscious effort): break away, get free or get clear (the prisoner escaped from prison)” (Webster’s Third New International Dictionary, p 774; see, also, Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 205.05, p 437). While the better practice in light of defendant’s specific request for a charge on knowledge or volition would have been to point up for the jury that escape involves conscious effort, independent proof of intent is not required absent facts suggesting a purpose other than the evasion of custody, as for example, to evade the outbreak of fire in the area of confinement. Therefore, the Trial Judge’s refusal to charge as requested was not reversible error in view of the commonly understood meaning of the word escape and of the evidence which established that defendant had been under police guard in the hospital for some six weeks prior to September 11, 1977, and left the hospital at 5:30 a.m. on that day without authorization.
Defendant’s final claim in our court that the trial court permitted an excessive volume of testimony with respect to another very similar bank robbery was not preserved for our review.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.