OPINION OF THE COURT
Memorandum.
Order affirmed.
The defendants, licensed clammers and members of the Northshore Baymen’s Association, were each charged in separate misdemeanor complaints with the crime of petit larceny in violation of Penal Law § 155.25. The factual part of each of the complaints alleged in pertinent part, as follows: "Defendant did remove clams from the property belonging to Christopher Schubert, 161 Asharoken Ave., Asharoken, New York, after having been warned by [Schubert] that the property owner had denied permission for anyone to remove clams from his property.”
Contrary to the People’s contention, the court properly dismissed the informations since these did not contain non-hearsay allegations which would establish, "if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]; 100.15 [3]; People v Alejandro, 70 NY2d 133, 135).
The charge of petit larceny requires as one of its elements, that the complainant is an "owner” of the property in question, here, the subject clams (see, Penal Law § 155.00 [5]; People v Hutchinson, 56 NY2d 868, 869). It is well settled that the public right to fish in the navigable waters of the State is common to all of its citizens, and even a riparian owner has no right to fish in navigable waters superior to that of any other citizen, in the absence of an express grant or prescriptive right (see, Trustees of Brookhaven v Strong, 60 NY 56, 57; 59 NY Jur 2d, Fish and Wildlife, § 12; 35 Am Jur 2d, Fish and Game, §§ 6, 11). Although in the nature of ferae naturae (see, People v Morrison, 194 NY 175, 177), because of their sedentary nature, property rights in clams may obtain, and their taking may become the subject of petit larceny, provided the clams "are reclaimed from nature and transplanted to a bed where none grew naturally, and the bed is so marked out by stakes as to show they are in the possession of a private owner” (People v Morrison, supra, at 177; 59 NY Jur 2d, Fish *538 and Wildlife, § 96; but see, McKee v Gratz, 260 US 127, which is not controlling herein).
In the instant case, the informations alleged only that defendants "remove[ed] clams from [the] property” of the owner of the underwater lands involved. The informations contained no allegation that the waters were nonnavigable (in fact the People stipulated that the waters were navigable), or that the owner had acquired an exclusive right to fish therein by grant or prescription. There was further no allegation that the clams at issue were transplanted to a bed where none grew naturally, or were marked out to show that the clams were in the possession of a private owner. Therefore, the informations were legally insufficient to establish the essential element of possession in the subject property, or a possessory right superior to that of the defendants (see, Penal Law § 155.00 [5]; People v Hutchinson, supra, at 869) so as to sustain the charges of petit larceny (see, People v Morrison, supra).
DiPaola, P. J., Collins and Luciano, JJ., concur.