■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY NEELY, Appellant. [670 NYS2d 993] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed and matter remitted to Monroe County Court for sentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of escape in the second degree. Defendant based his trial motions for dismissal on a ground different from those raised on appeal. Thus, defendant failed to preserve for our review his present contentions that his conduct did not constitute an escape and that he lacked the requisite mens rea (*see*, CPL 470.05 [2]; *People v Santos*, 86 NY2d 869, 870). We nevertheless exercise our power to review the contention that defendant's conduct did not constitute an escape as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Although the term "escape" is not defined in the Penal Law, it should be given its common meaning (*see, People ex rel. Powell v Warden*, 73 AD2d 654, 655), which is " 'to get away (as by flight or conscious effort): break away, get free or get clear (the prisoner *escaped* from prison)' " (*People v Hutchinson*, 56 NY2d 868, 870, quoting Webster's Third New International Dictionary 774). Defendant fled from the courtroom after sentencing in an attempt to escape. His attempt was unsuccessful, however; he was apprehended on the same floor of the courthouse by court officers. Thus, defendant's conviction of escape in the second degree is not supported by legally sufficient evidence but the evidence is sufficient to support a conviction for attempted escape. We modify the judgment, therefore, by reducing the conviction of escape in the second degree to the lesser offense of attempted escape in the second degree and by vacating the sentence imposed thereon, and we remit the matter to Monroe County Court for sentencing on that conviction (*see*, CPL 470.20 [4]).

We reject the contention that defendant was denied the opportunity to appear before the Grand Jury (*see*, CPL 190.50 [5] [a]). The prosecutor notified defendant and the Public Defend-

er's Office on the afternoon of defendant's arraignment in local criminal court that the matter would be presented to the Grand Jury the following day. Defendant could have filed a written request to appear before the Grand Jury at any time prior to the filing of the indictment (*see*, CPL 190.50 [5] [a]; *People v Evans*, 79 NY2d 407, 412), which occurred three days after the arraignment. In the absence of a written request by defendant to appear, the People did not deprive him of a reasonable opportunity to testify before the Grand Jury. (Appeal from Judgment of Monroe County Court, Marks, J.—Escape, 2nd Degree.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.