OPINION OF THE COURT
Memorandum.
Order unanimously affirmed.
Environmental Conservation Law § 13-0311 (7) provides that “No person shall take shellfish in any quantity during the time that such digger’s permit privileges have been revoked or suspended.” “Taking” and “take” are defined under ECL 11-0103 (13) to “include pursuing, shooting, hunting, killing, capturing, trapping, snaring and netting fish, wildlife, game, shellfish, crustácea and protected insects, and all lesser acts such [as] disturbing, harrying or worrying, or placing, setting, drawing or using any net or other device commonly used to take such animal. Whenever any provision of the Fish and Wildlife Law permits Taking’, the taking permitted is a taking by lawful means and in a lawful manner.”
The accusatory instrument herein alleged that the defendant was working in a joint effort to commercially harvest razor clams with other permitted diggers and was observed “culling” the clams while the others were digging the clams. The term “cull” or “culling,” while not defined in the Environmental Conservation Law, has been defined, inter alia, to mean “1. to choose; select; pick. 2. to gather the choice things or parts from. 3. to collect; gather; pluck” (Webster’s Unabridged Dictionary 407 [2d ed 1999]).
As the foregoing definitions reveal, the “take” or “taking” of clams is different from the “culling,” or separating out the clams. Under the facts outlined in the accusatory instrument, it appears that the two “other permitted diggers” were in fact “digging” or “taking” the clams while the defendant was simply *18 “culling” or separating the clams aboard the vessel that had already been “taken.” Inasmuch as the “other permitted diggers” were licensed and therefore not in violation of ECL 13-0311 (7), the mere sorting of the clams by defendant did not constitute a violation of said section.
We note that the District Court, after concluding that the riparian rights to the site where the alleged violation occurred vested in the Town of Brookhaven, held that the taking of clams was not subject to regulation by the State. The court based its finding on the belief that since the clams were not ferae naturae, the ownership of the clams vested in the owner of the riparian rights, here the town. It is our opinion that this court’s holding in People v Dunn (159 Misc 2d 536) is controlling. In Dunn, this court, citing People v Morrison (194 NY 175, 177), noted that clams are in the nature of ferae naturae and that private ownership thereof may only be held if the clams are reclaimed from nature and transplanted to a bed where none grew naturally, and the bed is so marked out by stakes as to show they are in the possession of a private owner. Since that is not the situation herein, the ownership of the clams is vested in the State (see, ECL 11-0105) and they are therefore a proper subject of regulation by the State (see, ECL 11-0105, 11-0107 [1]).
Floyd, P.J., Doyle and Winick, JJ., concur.