[870 NE2d 1141, 839 NYS2d 711]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH ANTWINE, Appellant.

Argued June 7, 2007; decided June 28, 2007

## POINTS OF COUNSEL

*Office of the Appellate Defender*, New York City (*Jonathan Marvinny, Richard M. Greenberg* and *Sara Gurwitch* of counsel), for appellant. The prosecution failed to present legally sufficient evidence that Keith Antwine committed the crime of escape in the second degree when Mr. Antwine, in his attempt to escape from the hospital where he was being detained in custody, was apprehended by the officer guarding him before he made it out of the hospital. (*People v Neely*, 248 AD2d 996; *People v Hutchinson*, 56 NY2d 868; *Jackson v Virginia*, 443 US 307; *People v Conway*, 6 NY3d 869; *People v Santi*, 3 NY3d 234; *People v Piazza*, 48 NY2d 151; *People v Gerard*, 50 NY2d 392; *People ex rel. Powell v Warden of Kings County Hosp.*, 73 AD2d 654; *People v Mesa*, 188 AD2d 688, 81 NY2d 844; *People v Glover*, 134 AD2d 448.)

*Robert T. Johnson, District Attorney*, Bronx (*Frances Y. Wang* and *Joseph N. Ferdenzi* of counsel), for respondent. Defendant was properly convicted of escape in the second degree (Penal Law § 205.10 [2]). (*People v Angelo*, 88 NY2d 217; *People v Iannelli*, 69 NY2d 684, 482 US 914; *People v Hutchinson*, 56 NY2d 868; *People v Pilgrim*, 287 AD2d 315; *People v Allen*, 286 AD2d 633; *People v Sargent*, 194 AD2d 865; *People v Mesa*, 188 AD2d 688; *People v Bleakley*, 69 NY2d 490; *People v Neely*, 248 AD2d 996; *People v Glover*, 134 AD2d 448.)

### OPINION OF THE COURT

CIPARICK, J.

The issue in this appeal is whether defendant was properly convicted of escape in the second degree under Penal Law § 205.10 (2). We agree with the Appellate Division that he was.

On April 22, 2003, defendant was arrested after stealing an automobile with two children in the back seat and colliding with another vehicle while he was trying to flee. Defendant was taken to the precinct for processing. While there, he complained of a toothache and a hernia, and Officer Bohan-McDowell escorted him, in handcuffs, to St. Barnabas Hospital by ambulance. Defendant was brought to the emergency room where Officer Bohan-McDowell handcuffed his right wrist to his assigned bed. Shortly thereafter, defendant complained that the handcuff was too tight, and the officer observed a visible discoloration of defendant's wrist. She placed the key in the cuff and started to loosen it when defendant lifted up on the cuff and ran away.

The officer caught up to defendant about 25 to 30 feet down the hallway and grabbed him, but he broke free. He then made a right turn and headed for the hospital exit approximately 12 feet away. After defendant got through the first of two sets of exit doors, the officer tackled defendant and remained on top of him until two doctors and another officer helped subdue him.

Defendant was charged with robbery in the second and third degrees as well as grand larceny in the fourth degree and other crimes. After a jury trial he was acquitted of robbery but convicted of grand larceny in the fourth degree, escape in the second degree and two counts of endangering the welfare of a child. Defendant was sentenced to concurrent terms of 2 to 4 years imprisonment on the grand larceny and escape counts and one year on each endangering the welfare of a child count. The Appellate Division affirmed the conviction, as we do.

Defendant claims that legally sufficient evidence did not exist to support his conviction for escape in the second degree under Penal Law § 205.10 (2). Rather, defendant asks that his conviction be reduced to attempted escape in the second degree.[1]

Penal Law § 205.10 states that "[a] person is guilty of escape in the second degree when: . . . 2. Having been arrested for, charged with or convicted of a class C, class D or class E felony, he escapes from custody." Relying on *People v Neely* (248 AD2d 996 [4th Dept 1998] [holding that legally sufficient evidence did not exist to support a conviction for escape under Penal Law § 205.10 (2) where defendant fled from a courtroom but was apprehended on the same floor within the courthouse]), defendant argues that in order to be convicted of the crime of escape under Penal Law § 205.10 (2), he would have had to make it past the hospital exit doors. Anything short of leaving the building, according to defendant, was simply an attempted escape. We disagree.

While a crossing-the-threshold rule does exist under Penal Law § 205.10 (1), the same is not true here. Under subdivision (1), a person is guilty of escape in the second degree when he or

___

1. Although defendant was not indicted for attempted escape in the second degree, the parties agreed to submit the charge to the jury as an alternative to escape in the second degree. The jury repeatedly asked the court for clarification as to the differences between the two crimes. Defendant's assertion that Supreme Court misinstructed the jury about the proper standard for determining whether defendant was guilty of escape or attempted escape is without merit.

she "escapes from a detention facility."[2] Thus, under that subdivision, a tangible threshold line exists as to whether or not defendant exited the facility. However, under subdivision (2), we are concerned with whether defendant escaped the realm of custody—the restraint imposed by the public servant (*see* Penal Law § 205.00 [2]). Such escape, as defined by the New York Criminal Jury Instructions, "means to get away, break away, get free or get clear, with the conscious purpose to evade custody" (CJI2d[NY] Penal Law § 205.10 [2]). Indeed, as we explained in *People v Hutchinson* (56 NY2d 868, 870 [1982]), "[t]he commonly understood definition of the verb 'escape' is 'to get away (as by flight or conscious effort): break away, get free or get clear.' "

Here, the statute requires proof that defendant "escape[d] from custody." "Custody," in turn, "means restraint by a public servant" (Penal Law § 205.00 [2]). Hence, once the People show that a defendant broke free or got away from the restraint or control of the officer, as defendant did here by physically removing restraints to free himself from the controls imposed and running away, sufficient evidence exists to support the crime of escape. This is not to say that simply circumventing one's handcuffs constitutes an escape. Had defendant pushed off the handcuff but remained within the officer's control, he may have been found guilty of an attempted escape. Rather, here it was the point when defendant was no longer under the control of the officer and had removed himself from her custody without authorization—when she had to give chase, placing herself and the public at risk—that the elements of Penal Law § 205.10 (2) were sufficiently met.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed.

---

**2.** To apply a Penal Law § 205.10 (1) analysis in a non-detention facility setting, as proffered by defendant, would lead to incongruous results. In this particular instance, it would render the critical facts that defendant traveled 35 to 45 feet through multiple doorways after pushing through his handcuff and shoving an officer completely immaterial as defendant fell a few feet short of the final doorway. But, had the breach from custody occurred a few feet inside the hospital exit doors and defendant had managed to leave the building that would constitute a completed escape under defendant's rationale—not a workable rule under subdivision (2) of Penal Law § 205.10.