[918 NE2d 884, 890 NYS2d 372]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v J.W. HARDY, JR., Appellant.

Argued September 17, 2009; decided October 15, 2009

**APPEARANCES OF COUNSEL**

*James S. Hinman*, Rochester, for appellant.

---

*Joseph V. Cardone, District Attorney*, Albion (*Katherine Bogan of counsel*), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed. At issue is whether defendant was properly convicted of escape in the second degree (*see* Penal Law § 205.10 [2]). We hold that he was.

On December 6, 2004, defendant pleaded guilty to a class D felony (criminal possession of a controlled substance in the fifth degree) in the Orleans County Court. The matter was adjourned to February 14, 2005 for sentencing. Defendant was free on bail during this period. On February 14th, after the parties appeared, there was an off-the-record discussion between the court and counsel which resulted in a two-week adjournment. The court then stated that it was going to increase defendant's bail from $10,000 to $20,000.* At this time, the court told defendant:

> "Should you post bail [and] not appear in court, I will assume you've given up your rights and breached your obligation to be here. If that occurs, I will proceed without you and get a warrant for your arrest and consider forfeiting your bond."

After the court issued its order increasing bail, deputies handcuffed defendant behind his back, seated him in a public hallway in the courthouse (there was no holding cell in the courthouse) and told him to remain there. Shortly thereafter, while the deputies waited for the court clerk to prepare a securing order committing defendant to custody, defendant, with his hands still handcuffed behind his back, made his way down to the basement, held the back door open for an employee of the County Clerk's Office to enter, and left the courthouse. He was apprehended in a nearby apartment about 20 minutes later.

Defendant was charged with escape in the second degree. After a jury trial, defendant was convicted of that crime and sentenced to an indeterminate prison term of 2 to 4 years. The Appellate Division affirmed.

Defendant argues that because there was no signed securing order or stated direction by the court that defendant be taken

---

* It appears that defendant's bail was to be increased due to the possibility of new charges being filed against him.

into custody, the evidence presented at trial was not legally and factually sufficient to support his conviction for second degree escape. We disagree.

Under the Penal Law, "a person is guilty of escape in the second degree when . . . [h]aving been arrested for, charged with or convicted of a class C, class D or class E felony, he escapes from custody" (Penal Law § 205.10 [2]). "Custody" is defined as "restraint by a public servant pursuant to an authorized arrest or an *order of a court*" (Penal Law § 205.00 [2] [emphasis added]). Discussing Penal Law § 205.10 (2), this Court stated:

> "[W]e are concerned with whether defendant escaped the realm of custody—the restraint imposed by the public servant (*see* Penal Law § 205.00 [2]). Such escape, as defined by the New York Criminal Jury Instructions, 'means to get away, break away, get free or get clear, with the conscious purpose to evade custody' (CJI 2d [NY] Penal Law § 205.10 [2]). Indeed, as we explained in *People v Hutchinson* (56 NY2d 868, 870 [1982]), '[t]he commonly understood definition of the verb "escape" is "to get away (as by flight or conscious effort): break away, get free or get clear" ' " (*People v Antwine*, 8 NY3d 671, 674 [2007]).

To make out escape in the second degree, the People were required to establish that defendant broke free or got away from the restraint or control of the deputies. Here, such restraint or control was authorized pursuant to County Court's order increasing bail which, along with the court's statements following the bail increase and defendant's immediately being placed in handcuffs, made it clear that defendant was not free to just leave. Because the People proved that defendant removed himself from the lawful custody of the deputies without authorization, they met their burden and the elements of Penal Law § 205.10 (2) were satisfied.

Defendant's remaining contentions are either not reviewable or meritless.

Chief Judge Lippman and Judges Ciparick, Graffeo, Read, Smith, Pigott and Jones concur.

Order affirmed in a memorandum.