■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER ROY NERSESIAN, Appellant.— Judgment, Supreme Court, New York County, rendered on March 25, 1974, convicting defendant after a jury trial of the crimes of robbery in the second degree and grand larceny in the third degree and sentencing defendant to concurrent terms of imprisonment of from 3 to 9 years on the robbery conviction and from 0 to 4 years on the larceny conviction, unanimously modified, on the law, to the extent of reversing the conviction for grand larceny in the third degree, vacating the concurrent sentence imposed thereon, and dismissing the grand larceny count of the indictment; and as so modified, the judgment is otherwise affirmed. A verdict of guilty on the greater of two or more inclusory concurrent counts of an indictment is deemed a dismissal of every lesser count submitted (CPL 300.40, subd. 3, par. [b]). Concurrent counts are "inclusory" when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater (CPL 300.30, subd. 4). Robbery in the second degree — forcibly taking property while aided by an accomplice — and grand larceny in the third degree, were "inclusory concurrent counts", since under

the facts of this case appellant could not have committed robbery in the second degree without also having committed grand larceny, third degree. Hence a verdict of guilty on the robbery second degree count must be deemed a dismissal of the lesser count of grand larceny, third degree, but not an acquittal thereon. (*People* v. *Pyles*, 44 A D 2d 784.) Accordingly, as the District Attorney concedes, the conviction for larceny, in the third degree, must be reversed and that count of the indictment dismissed. Concur — Nunez, J. P., Kupferman, Murphy, Lupiano and Lane, JJ.