Wachtler, J.
After a trial by jury, defendant was convicted of criminal possession of stolen property in the first degree and unauthorized use of a vehicle. On this appeal we are asked to consider the propriety of disclosing defendant’s prior youthful offender adjudication during cross-examination.
The People’s case rested principally on the testimony of Patrolman Newton who testified that on the night of April 12, 1972 he and his partner discovered a stolen vehicle on a street in Queens County. As they were observing the car they noticed two youths entering it. When the police pulled up alongside the stolen car, both occupants alighted and ran in different directions. After a chase through several backyards and streets, defendant Cook was apprehended.
During the trial the defendant Cook took the stand and *594 denied any knowledge that the vehicle was stolen. The cross-examination focused on defendant’s past involvement with the law and he was asked whether he recalled being in Juvenile Term in 1970. Defense counsel objected and the court instructed the prosecutor to change the form of the question. In response to further questions, defendant acknowledged that he was found in possession of a stolen car in July of 1970 but denied that he was involved with a stolen vehicle in April, 1971. At this point the inquiry as to the latter incident was taken over by the court who asked defendant if, apart from the 1970 incident, he was "ever charged again with the theft of a car?” Defendant’s attorney objected to the use of the word charged. The court then rephrased the question asking defendant if he had ever been "processed again for [a] stolen car in this building by another judge?” In light of the fact that defendant had never been convicted of stealing a car, and had only been adjudicated a youthful offender for resisting arrest which he had already admitted, defendant moved for a mistrial claiming undue prejudice. The court denied the motion and cross-examination was allowed to continue.
Defendant was then asked if he remembered being arrested in July, 1971 and pleading guilty to resisting arrest. Defendant answered in the affirmative. The prosecutor then attempted to develop the facts surrounding this occurrence. After the summations the court attempted to give a corrective charge concerning defendant’s prior youthful offender adjudication: "Now, you have some testimony here to the effect that this defendant has previously had conflicts with the law. I call your attention to the fact that anything in that regard was the result of an adjudication either in the Children’s Court or as a youthful offender, and none of those things constitute the commission of a crime. They may constitute an adjudication, but under a certain age a person who is either a juvenile or a youthful offender, you don’t call it crimes, you call it an adjudication.” Defense counsel excepted. The jury returned a verdict finding defendant guilty of both counts.
On appeal to our court, defendant contends that the cross-examination was improper in several respects. He claims that the disclosure of the previous youthful offender adjudication and subsequent corrective charge by the court contravened CPL article 720. Furthermore, defendant contends that it was error to have elicited the fact that defendant had been "charged” or "processed” for car theft since these charges did *595 not result in conviction. Lastly defendant argues that the People improperly attempted to establish a propensity for car theft. The People answer that any errors in cross-examination must be considered harmless in light of the clear evidence of guilt. We cannot agree that the errors were harmless and would reverse.
The youthful offender statute (CPL art 720, formerly Code Crim Pro, §§ 913-n, 913-o) abrogates the common law which treated infant offenders in the same manner as adults (43 CJS, Infants, § 93 et seq.). Subject to certain exceptions, persons accused of crimes who are between 16 and 19 years of age at the time the alleged crimes were committed are eligible for youthful offender treatment (CPL 720.20). The primary advantage of such treatment is the avoidance of the stigma and practical consequences which accompany a criminal conviction (People v Shannon, 1 AD2d 226, 231, affd 2 NY2d 792; Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL art 720). When the court determines an eligible youth is a youthful offender the conviction is deemed vacated and replaced by a youthful offender adjudication (CPL 720.20, subd 3).
Since a youthful offender adjudication is not a conviction for a crime, it may not be shown to affect the witness’ credibility (People v Vidal, 26 NY2d 249, 253; People v Rahming, 26 NY2d 411; People v Geller, 27 AD2d 843; Richardson, Evidence [10th ed], § 506; compare Federal Rules of Evidence, rule 609). It is true that a prosecutor may, for purposes of impeachment, cross-examine a defendant as to a vicious, immoral or illegal act which constituted the basis for a prior youthful offender adjudication (People v Schwartzman, 24 NY2d 241; People v Kass, 25 NY2d 123; People v Hurst, 10 NY2d 939; but see McCormick, Evidence [2d ed], § 42). However, in the case before us, the fact that defendant had previously been adjudicated a youthful offender was improperly elicited.
We find no merit in the People’s contention that defendant opened the door to disclosure when he acknowledged a previous youthful offender adjudication in response to those questions posed by the prosecution. Nor do we consider the court’s charge to have corrected the error. Indeed that charge could be considered to have been counter-productive since the jury was left not only with the knowledge that defendant had been adjudicated a youthful offender in a stolen car case, but also *596 with the impression that a youthful offender was equivalent to conviction for a crime. The cross-examination should have been confined to impeaching defendant as to the underlying facts. Consequently, it was error to have ventured into a revelation of the judicial culmination of those incidents.
Equally egregious was that portion of the cross-examination which considered whether defendant had previously been "charged” or "processed” for other crimes. Impeachment of a witness by evidence or inquiry as to prior arrests or charges is clearly improper. The mere fact that a person has been previously charged or accused has no probative value. There is absolutely no logical connection between a prior unproven charge and that witness’ credibility. Therefore, such evidence is inadmissible as unduly prejudicial hearsay which contravenes the presumption of innocence (People v Morrison, 194 NY 175; People v Rahming, 26 NY2d 411, supra; People v Alamo, 23 NY2d 630; Impeachment of witness by evidence or inquiry as to arrest, accusation, or prosecution, Ann., 20 ALR2d 1421).
Since the defendant had the right to have the jury consider the evidence without being influenced by his youthful offender adjudication and unproven charges of other crimes, his credibility was sought to be impeached far beyond the bounds allowable. Accordingly, the order of the Appellate Division affirming the judgment of conviction should be reversed and a new trial ordered.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
Order reversed, etc.