### UNITED STATES of America ex rel. Walter NERSESIAN, Petitioner,

v.

### Harold J. SMITH, Superintendent, Attica Correctional Facility, Respondent.

#### No. 75 Civ. 3399.

United States District Court,
S. D. New York.

April 27, 1976.

Walter Nersesian, pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y. by Walton A. Sutherland, Dep. Asst. Atty. Gen., New York City, for respondent.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

In this action, Walter Nersesian seeks a federal writ of habeas corpus. Petitioner is presently incarcerated at the Attica Correctional Facility pursuant to a judgment of conviction rendered after a trial by jury in the Supreme Court, New York County (Birns, J.), convicting him of grand larceny in the third degree and robbery in the second degree. Petitioner was sentenced on March 24, 1974 to serve concurrent terms of imprisonment of from three to nine years on the robbery conviction and from zero to four years on the grand larceny conviction. On November 19, 1974, the Appellate Division, First Department, reversed and dismissed the grand larceny conviction, but unanimously affirmed the conviction of second degree robbery. *People v. Nersesian,* 46 A.D.2d 761, 361 N.Y.S.2d 13 (1974). Leave to appeal to the New York Court of Appeals was denied on January 29, 1975.

Petitioner attacks his conviction on the sole ground that the evidence adduced at his trial was legally insufficient to establish his guilt of second degree robbery. Specifically, he argues that the uncorroborated testimony of an intoxicated victim is not sufficient evidence to establish his guilt of robbery, by showing a "forcible stealing", as required by § 160.10 of the New York Penal Law.

The question of the sufficiency of the evidence is a question of state law and does not rise to constitutional dimensions, *United States ex rel. Griffin v. Martin,* 409 F.2d 1300, 1302 (2d Cir. 1969) (*per curiam*), unless there was no proof whatever of the crime charged. *United States ex rel. Terry v. Henderson,* 462 F.2d 1125, 1131 (2d Cir. 1972). Since petitioner's claim only goes to the sufficiency of the evidence, rather than the total lack thereof, he fails to state a claim warranting federal habeas corpus relief.

Petition denied.

SO ORDERED.