**Jerry Lee HOLMES, Petitioner,**

v.

**Thomas ISRAEL, Warden, Respondent.**

No. 77–C–247.

United States District Court,
E. D. Wisconsin.

July 19, 1978.

Howard B. Eisenberg, State Public Defender, and Robert J. Paul, Deputy State Public Defender, Madison, Wis., for petitioner.

Bronson C. LaFollette, Atty. Gen., Wm. L. Gansner, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

In this action the petitioner has filed with the court a request for issuance of a writ of habeas corpus. The petitioner presently is incarcerated in a state prison and is serving sentences for conviction on August 26, 1975, in the Circuit Court for Milwaukee County, State of Wisconsin, of armed robbery and attempted murder. Leave to proceed in forma pauperis was granted by the Court, and the respondent filed a return to the petition for issuance of the writ. Both parties have submitted briefs and the petitioner's brief has been supplemented by a submission from the office of the Wisconsin State Public Defender. This court's jurisdiction is founded upon 28 U.S.C. Sec. 2241.

Two grounds for issuance of the writ are asserted by the petitioner, which grounds are the same issues as were raised by the petitioner upon his direct appeal from the judgment of conviction and which were rejected on appeal. The first ground is that the trial court wrongfully admitted detailed testimony pertaining to the robbery conviction at the petitioner's trial for attempted murder. The second ground is that the sentencing judge took an impermissible factor into account in sentencing the petitioner. In opposition to the request for issuance of the writ, the respondent relies upon its brief on these issues to the state supreme court and the supreme court's opinion upholding the petitioner's conviction.

The petitioner presently is confined under a twenty-year sentence for conviction of armed robbery, imposed after the Circuit Court for Milwaukee County accepted a plea of guilty, and under a twenty-year sentence for conviction of attempted murder, imposed after a trial was held and a jury returned a verdict of guilty. The sentences were imposed to run consecutively. The charges of armed robbery and attempted murder were filed against the petitioner after he robbed a movie theatre at gunpoint and then fired a number of shots at pursuing police officers as he attempted to escape.

At trial, it was announced to the jury that the petitioner was to be tried for both armed robbery and attempted murder. However, before any witnesses were called or opening remarks made to the jury by the

attorneys, the petitioner elected to plead guilty to the robbery charge while standing trial on the attempted murder charge. After ascertaining the factual basis of the petitioner's plea and then finding the petitioner guilty of armed robbery, the trial judge engaged in a discussion of how best to conduct the trial on the remaining charge so as not to prejudice either the prosecution or defense in light of the fact that the jury had already been informed that the petitioner was to be tried on both the armed robbery and attempted murder charges. From this discussion it was agreed by the judge and attorneys for both sides that the jury should not be informed of the guilty plea, that the jury should be instructed not to speculate as to the disposition of the charge of armed robbery, but that some reference to the facts of the armed robbery would have to be made to the jury so as to explain why the petitioner was fleeing from the police and why he had a motive to fire shots at them. In the course of the subsequent trial, detailed testimony by police officers about the facts of the armed robbery was admitted into evidence without a specific objection by counsel for the petitioner. Counsel for the petitioner did make a general objection to the admission of testimony concerning the armed robbery but was overruled. After the testimony was given by the witnesses, the defense counsel moved for a mistrial, which was not granted. A verdict of guilty was returned by the jury at the end of the trial. After first attempting unsuccessfully to obtain from the petitioner the identities and likely whereabouts of the petitioner's unapprehended accomplices in the armed robbery, the trial judge then imposed the twenty-year consecutive sentences upon the petitioner. Charging that the admission during the attempted murder trial of the detailed testimony concerning the armed robbery, to which the petitioner had pleaded guilty, was prejudicial error and that the sentencing judge had abused his discretion by punishing the petitioner for not revealing the identities of his accomplices in the robbery, the petitioner appealed to the state supreme court, which upheld both the convictions and the sentences. See *Holmes v. State*, 76 Wis.2d 259, 251 N.W.2d 56 (1976).

Before the Supreme Court of Wisconsin, the petitioner claimed that the trial judge and the attorneys for the prosecution and the defense had entered into a stipulation to exclude the testimony concerning the armed robbery, which was violated when the testimony was admitted. The supreme court found no evidence to support the assertion that such a stipulation had been made.

Next, the petitioner claimed that the armed robbery testimony was irrelevant, inadmissible, and prejudicial evidence of other crimes. However, the Wisconsin Supreme Court found the testimony to be relevant, admissible, and not prejudicial in that it was presented not for the purpose of showing to the jury that the petitioner possessed a bad character, but rather to show the motive—escape—for the attempted murder of the police as the petitioner was fleeing the armed robbery. A further claim was made by the petitioner that the armed robbery testimony was presented in such detail that he suffered undue prejudice in the eyes of the jury. Again refusing to find error, the Supreme Court of Wisconsin held that any objection to the extent of the detail of the armed robbery testimony had been waived by the failure of the petitioner's defense counsel to make a specific objection when that testimony was offered, and that, in any event, the extent of the detail was not so great that the trial court erred in allowing the detailed testimony.

Finally, with regard to the petitioner's claim that the sentences were improperly imposed, the Wisconsin Supreme Court concluded that the sentences imposed were within the allowable limits, that the sentencing judge had considered the proper factors in imposing the sentences, and that there was no abuse of discretion in the sentencing judge's consideration of the petitioner's noncooperation in refusing to identify his accomplices. Thus, the convictions and sentences were affirmed, and now the petitioner has presented the identical grounds of error to this court in this peti-

tion for a writ of habeas corpus. In essence, what the petitioner now argues is that his due process rights to a fair trial and sentencing were violated.

With regard to the petitioner's assertion that evidence of the armed robbery was improperly admitted at trial, this Court is initially faced with the question of whether or not an examination of the merits of the petitioner's assertion is barred by the state supreme court's finding that objection to the evidence was waived because the objection was not properly made before the trial judge. Although neither side in this case has discussed the point, this question of waiver would seem to be controlled by the recent case of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), in which the Supreme Court concluded that absent a showing of "cause and prejudice," a habeas corpus petitioner's failure to make a timely objection at trial could bar consideration of the petitioner's claim by the habeas corpus court. In *Wainwright*, although he had failed to object to the introduction at trial of pretrial statements he had made, the habeas corpus petitioner requested relief from a federal court by charging that the statements were made involuntarily. The federal district court ordered that a hearing be held on the voluntariness of the pretrial statements and the court of appeals affirmed. However, the Supreme Court reversed and ordered the habeas corpus petition dismissed for the reason that the state's procedural requirement that all objections be made at the time of trial and the petitioner's failure to comply with the requirement barred the federal court from issuing a writ of habeas corpus.

As was the case in *Wainwright*, the petitioner here failed, according to the Wisconsin Supreme Court, to make a proper objection to the introduction of the testimony in controversy. Thus, *Wainwright* would seem to call for a dismissal of the petitioner's claim that the introduction of detailed testimony concerning the armed robbery was prejudicial error. However, there are problems with the applicability of *Wainwright* to the facts of this case. As the record shows, the petitioner's trial counsel did at least make a general objection to the introduction of the armed robbery testimony and moved for a mistrial at the end of the testimony, while no objection at all or motion for mistrial was made in *Wainwright*. This indicates that one of the *Wainwright* Court's fears, "sand bagging" by the defense counsel, that is, a deliberate failure to object with the intention to raise the objectionable issue in a habeas corpus proceeding with a corresponding disruption of the state process of trying defendants, does not apply in this case because the making of the general objection and the mistrial motion indicate that the defense counsel was not engaging in "sand bagging." Moreover, there may have been "cause and prejudice" attendant to the procedural waiver so as to justify federal habeas corpus review even under *Wainwright*. The record does reveal that an awkward and somewhat confusing situation in the state trial court arose when the petitioner decided to plead guilty to the armed robbery charge after the trial on that and the attempted murder charges had begun. This situation may show "cause" for the defense counsel's momentary lapse in failing to make a specific timely objection to the introduction or the extent of the armed robbery testimony. Indeed, the defense counsel hardly could have known the extent of the testimony until the testimony was given and, thus, could not have objected until after the testimony in any event. There may also have been "prejudice" if the defense counsel reasonably interpreted the trial judge's and attorneys' discussion after the petitioner decided to plead guilty to armed robbery as indicating that detailed testimony of the armed robbery would not be introduced.

However, this Court need not decide the interesting question of the applicability of *Wainwright* to the facts of this case for the reason that, in any event, the petitioner has not shown any violation of constitutional rights so as to be entitled to habeas corpus relief. See 28 U.S.C. Sec. 2254(a).

■ The petitioner first claims that there was a stipulation at the attempted murder trial not to admit any evidence pertaining to the armed robbery. However, the record gives no indication that such a stipulation was made by the parties and the trial judge. In fact, the record establishes that the trial judge informed the defense counsel that some reference to the armed robbery might have to be made so as to explain to the jury why the petitioner was being chased by the police. (Transcript of proceedings, at 13.)

■ Next as a general rule, the revelation to a jury of evidence that the defendant has been involved in prior criminal activity is improper. However, in a habeas corpus case, the standard of review of a state evidentiary ruling is more circumscribed than is the case with direct review by an appellate court. As set forth in *United States ex rel. Durso v. Pate*, 426 F.2d 1083, 1086 (7th Cir. 1970) cert. denied, 400 U.S. 995, 91 S.Ct. 469, 27 L.Ed.2d 445 (1970):

> " * * * The issue, in each instance, requires a determination whether the probative value of the evidence, for the purpose for which it was admitted, outweighs the prejudice to the accused in the admission of that evidence. (Citations omitted.) When it must be said that the probative value of such evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission, then the use of such evidence by a state may rise to the posture of the denial of fundamental fairness and due process of law."

This Court is unable to conclude that the probative value of the armed robbery testimony at the attempted murder trial was greatly outweighed by the prejudice to the petitioner from its admission. The testimony was highly probative in that it provided the motive for the petitioner's attempted murder of the policemen who pursued him after the robbery, and such a motive was a proper object of proof for the prosecution. In *United States ex rel. Durso v. Pate*, supra, the Court found that evidence of

prior involvement in drug trafficking was properly admitted in a murder trial to show the motive for the murder. Similarly, in the present case, the armed robbery testimony was properly admitted to show motive for attempted murder, and the probative value of the testimony was not greatly outweighed by the possible prejudice to the petitioner in the eyes of the jury. Accord, *United States ex rel. Bleimell v. Cannon*, 525 F.2d 414 (7th Cir. 1975).

■ The petitioner also seems to be arguing that even if some evidence of the armed robbery was properly admitted, the prosecution elicited excessive detail concerning the armed robbery, which detail amounted to prejudicial error. This Court does not agree that the detail presented was so excessive as to amount to a constitutional violation of the due process right to a fair trial. The record shows that the details given in the testimony about the armed robbery were not of an inflammatory nature and, in fact, amounted to little more than the circumstances and action which one naturally would expect to be attendant to an armed robbery. Thus, the jury was given little information that it did not already have by virtue of being told that the petitioner had been involved in an armed robbery. In this light, the Court is unable to conclude "that the probative value of such evidence * * * is greatly outweighed by the prejudice to the accused from its admission," *United States ex rel. Durso v. Pate*, supra, at 1086, so that there was a denial of fundamental fairness and due process of law.

For these reasons the Court has determined that insofar as it is based on admission of the detailed armed robbery testimony, the habeas corpus petition must be denied.

■ Similarly, to the extent that the petition for issuance of the habeas corpus writ is based on the sentencing judge's attempt to learn from the petitioner the identities of the petitioner's accomplices, the petition must also be denied. The petitioner argues that the sentences were unduly harsh and that the judge abused his discre-

tion by attempting to have the petitioner name his accomplices. However, these allegations do not constitute support for the issuance of the writ. Matters of sentencing properly belong within the province of state criminal justice systems, and state rules of sentencing ordinarily do not raise constitutional issues which can be reached by habeas corpus. *Johnson v. State of Arizona*, 462 F.2d 1352 (9th Cir. 1972). In considering a habeas corpus petition, a federal court will not upset, on allegations of unfairness, the terms of a sentence that is within the state statutory limits unless the sentence is so disproportionate to the offense as to be completely arbitrary and shocking. *Bonner v. Henderson*, 517 F.2d 135 (5th Cir. 1975). In most situations, the severity of a sentence alone cannot constitute grounds for habeas corpus relief, and a state sentence will not lightly be set aside. *Newman v. State of Missouri*, 394 F.Supp. 83 (W.D.Mo. 1974).

The petitioner relies upon *United States v. Rogers*, 504 F.2d 1079 (5th Cir. 1974) cert. denied 422 U.S. 1042, 95 S.Ct. 2655, 45 L.Ed.2d 693 (1975), wherein the Fifth Circuit held that "Fifth Amendment considerations" mandated the vacation of a sentence imposed upon a defendant after the sentencing judge unsuccessfully attempted to compel the defendant to name his co-conspirators in crime. The petitioner in the present action maintains that his own right to refrain from self-incrimination was violated by the sentencing judge's apparent imposition of a harsher sentence upon the petitioner after the petitioner refused to name his accomplices. The Seventh Circuit, however, has not adopted the rule announced in *United States v. Rogers*, supra. See *United States v. Hayward*, 471 F.2d 388, 390–91 (7th Cir. 1973). See also *United States v. Chaidez-Castro*, 430 F.2d 766, 770 (7th Cir. 1970). Moreover, the petitioner's plea of guilty to the armed robbery charge resulted in a waiver of his right to refrain from self-incrimination.

■ The Wisconsin Supreme Court found that the sentences imposed upon the petitioner were within the limits of the statutory maximums, and the petitioner has not alleged that they were not. The petitioner has failed to show in any fashion how the sentencing judge's consideration of his uncooperativeness in refusing to name his accomplices amounted to a violation of the petitioner's constitutional rights. Therefore, habeas corpus relief is not available with respect to the sentences.

For the foregoing reasons,

IT IS ORDERED that the petition of Jerry Lee Holmes for issuance of a writ of habeas corpus be and it hereby is dismissed.