John Sohn STEPHENS, Petitioner,

v.

E. S. LeFEVRE, Superintendent, Clinton Correctional Facility, Respondent.

No. 78 Civ. 5259–CSH.

United States District Court,
S. D. New York.

March 29, 1979.

John S. Stephens, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York by Myron Paul Schamis, Deputy Asst. Atty. Gen., New York City, for respondent.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Petitioner John Stephens submits this application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging violations under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution. For the reasons set forth below, his petition must be denied.

I

Petitioner was convicted after a non-jury trial in New York State Supreme Court on April 1, 1976 for criminal possession of stolen property in the first and third degree, and unauthorized use of a vehicle. The arresting officer testified at the trial that on January 20, 1974, Petitioner and his co-defendant were stopped for driving a 1974 Ford Mustang in New York City without a front license plate (TT 10, 14).[1] When Petitioner, the alleged driver, failed to produce a driver's license, and the only registration card discovered belonged to an Ernest Wilson, the police instituted a "check" on the car, the results of which led to Petitioner's arrest (TT 10, 15–17). The arresting officer further testified that Petitioner, having been advised of his constitutional rights following his arrest (TT 19–20), nevertheless volunteered the information that Ernest Wilson had lent him and his co-defendant the car (TT 21).[2]

Ernest Wilson identified the license plate and registration card recovered from the 1974 Ford Mustang, stating that both items actually belonged to his 1968 Ford Shelby (TT 62–64). In addition, Wilson testified that he had given his 1968 Ford, the registration and license plate included, to Petitioner's co-defendant only for repairs (TT 62–64), and had not given authority for any other use of the car or its contents.

A Hertz Rent-a-Car representative identified the 1974 Ford Mustang, testifying that the car had been reported stolen on January 18, 1974, approximately two days before Petitioner's arrest for being in possession of that car (TT 51–53).

Petitioner took the stand as the only witness for the defense, and denied that he was driving the car (TT 76) or that he had any knowledge that the Ford Mustang was stolen (TT 78). Moreover, Petitioner claimed that he never made a statement to

---

1. "TT" refers to the transcript of Petitioner's March 23, 1976 trial.

2. Petitioner's pre-trial motion to dismiss this statement on the ground that it was involuntary was denied.

the arresting officer (TT 81–82). On cross-examination, for the alleged purpose of impeaching Petitioner's credibility, the prosecution asked several questions concerning Petitioner's prior convictions for possession of stolen property and unauthorized use of motor vehicles (TT 83–84, 86–88, 89, 91–93). These questions were allowed on the basis of a pre-trial *Sandoval*[3] hearing, where the trial judge determined that prior convictions for possession of stolen property and unauthorized use of motor vehicles should be admissible to impeach the credibility of a defendant on trial for a similar charge, notwithstanding the risk of possible prejudice (TT 3–4). When Petitioner claimed that he could not "recall" these convictions,[4] he was asked by the prosecutor about the arrests underlying the convictions, allegedly to refresh Petitioner's recollection (TT 84–85, 88–91). While Petitioner's counsel objected to the trial judge's *Sandoval* ruling again at trial (TT 90), he specifically withheld objection to the prosecution's questions concerning Petitioner's prior arrests (TT 91).

Petitioner was found guilty by the trial judge of criminal possession of stolen property in the first degree,[5] unauthorized use of a vehicle,[6] and criminal possession of stolen property in the third degree.[7] His conviction was affirmed by the New York State Supreme Court, Appellate Division, First Department, and leave to appeal to the Court of Appeals was denied.

## II.

Petitioner raises four grounds for reversal of his conviction in state court. First, he argues that the trial judge improperly allowed the prosecution to ask him questions on cross-examination concerning his prior arrests, thereby depriving him of a fair trial; second, he contends that the trial judge should not have been the trier of fact after that same judge had presided over his *Sandoval* hearing; third, he contends that the evidence introduced against him at trial was insufficient to prove his guilt beyond a reasonable doubt; and finally, he claims that both his trial counsel and appellate counsel did not adequately represent him.

## III.

The first two claims raised by Petitioner were argued before the Appellate Division, First Department, and leave to appeal these questions to the Court of Appeals was denied. Therefore, Petitioner has exhausted his state remedies with regard to these two issues, in accordance with 28 U.S.C. §§ 2254(b) & (c), *United States ex rel. Ross v. LaVallee*, 448 F.2d 552 (2d Cir. 1971), and they will be considered on the merits.

Petitioner contends first that the trial judge improperly allowed the prosecution to ask him questions on cross-examination concerning his prior arrests, thereby depriving him of a fair trial. There is some question as to whether this claim is cognizable on federal habeas review. At least two decisions have dismissed claims similar to this, reasoning that they were not of sufficient "constitutional stature" to receive consideration. *Frazier v. Czarnetsky*, 439 F.Supp. 735 (S.D.N.Y.1977); *United States ex rel. Green v. McMann*, 268 F.Supp. 529 (S.D.N.Y.1967). However, even assuming that Petitioner's first contention does allege a sufficient constitutional issue to warrant review of this Court, there is no evidence to support a finding that the prosecution's cross-examination was so prejudicial as to deprive Petitioner of a "fair trial" and thus his right to Due Process under the Fourteenth Amendment.

▊ As a general rule in New York, the credibility of a witness may not be

---

3. *People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974).

4. Petitioner's inability to recollect the exact charges on which he was convicted allegedly stemmed from his pleading guilty to "package deals" in at least one instance. (TT 86–87, 89, 92–93).

5. N.Y. Penal Law § 165.50 (1965).

6. N.Y. Penal Law § 165.05 (1965).

7. N.Y. Penal Law § 165.40 (1965).

impeached by questions concerning the witness' prior arrests. *People v. Cook,* 37 N.Y.2d 591, 376 N.Y.S.2d 110, 338 N.E.2d 619 (1975); *People v. Morrison,* 194 N.Y. 175, 86 N.E. 1120 (1909). Arrests are deemed to be "unproven charges" that have little or no probative value in determining a witness' credibility and are unduly prejudicial hearsay if used against the defendant. *People v. Cook, supra,* 37 N.Y.2d at 596, 376 N.Y.S.2d 110, 338 N.E.2d 619. However, arrests which resulted in conviction are not "unproven charges" and were excluded, at least by implication, from the general rule in *People v. Cook, Id.* at 594, 596, 376 N.Y.S.2d 110, 338 N.E.2d 619. The facts of the instant case fall within this implied exception. Petitioner was questioned first about his conviction, and when he failed to give a positive response to these questions, he was asked about the underlying arrests that led to these convictions.[8] Thus, there is some support for the proposition that the prosecution's questioning of Petitioner at trial was within New York's rules of evidence.

In any event, the questions appear to have been asked in good faith, with no purpose other than to prove Petitioner's convictions and thereby impeach his credibility as such, and the cross-examination was not so prejudicial that Petitioner was deprived of his Due Process rights under the Fourteenth Amendment. See *Ketchum v. Ward,* 422 F.Supp. 934 (W.D.N.Y.1976), *aff'd,* 556 F.2d 557 (2d Cir. 1977).[9] For these reasons, Petitioner's first claim is denied.

Petitioner also claims that the trial judge who presided over the *Sandoval* hearing[10] should not have acted as the trier of fact at Petitioner's non-jury trial as well. At the *Sandoval* hearing, the trial judge viewed a number of Petitioner's prior convictions that he eventually held to be inadmissible at trial.[11] Petitioner contends that the trial judge, in his capacity as the trier of fact at the trial, was "directly influenced" by all the evidence he viewed at the *Sandoval* hearing, even though some of that evidence was held not to be admissible due to its prejudicial effect. According to Petitioner, the trial judge's verdict of guilty was due to this prejudicial influence rather than the case presented by the prosecution. In effect, Petitioner is arguing that he was deprived of the very protection that the *Sandoval* hearing was developed to provide.

In New York, the same judge may preside over the pre-trial hearing and the

---

**8.** This may have been in accordance with New York Criminal Procedure Law § 60.40(1) (1971), which provides that if a witness is asked a question about a prior conviction for the purpose of impeaching his or her credibility, and the witness replies in a negative or equivocal manner, the prior conviction may be proved in an independent manner. Similarly, in *People v. Sorge,* 301 N.Y. 198, 93 N.E.2d 637 (1950), the New York Court of Appeals stated that it was proper for the prosecution to continue the cross-examination of a witness about a specific crime even after the witness denied committing that crime, if the cross-examination was in good faith and solely for the purpose of impeaching credibility. *Id.* at 200, 93 N.E.2d 637.

**9.** In *Ketchum v. Ward,* the District Court stated that "[a] prosecutor's questioning of a witness concerning an indictment which resulted in acquittal or reversal after conviction can be considered harmless error if a prosecutor has acted in good faith." *Id.* 422 F.Supp. at 946.

**10.** In *People v. Sandoval, supra,* the New York Court of Appeals recognized that the prosecution's use of evidence of prior crimes on cross-examination of a defendant to impeach that defendant's credibility would be unduly prejudicial if the use of such evidence had " ' . . . no purpose other than to show that a defendant is of a criminal bent or character and thus likely to have committed the crime charged . . . .' " *Id.* 34 N.Y.2d at 375, 357 N.Y.S.2d at 853, 314 N.E.2d at 416. Following this conclusion, the court held that evidence of prior criminal, vicious or immoral acts which demonstrates a " . . . disposition on the part of the particular defendant voluntarily to place the advancement of his individual self-interest ahead of principle or the interests of society . . . ." suggests a lack of in-court veracity and should be admissible to impeach the credibility of a defendant. *Id.* 34 N.Y.2d at 377, 357 N.Y.S.2d at 314 N.E.2d at 417.

**11.** Specifically, the trial judge excluded the use of Petitioner's former drug convictions by the prosecution (TT 3). This decision was adhered to at the trial when an issue relating thereto arose (TT 88).

trial even though he sits as the finder of fact at the latter proceeding. *People v. DeCurtis,* 63 Misc.2d 246, 311 N.Y.S.2d 214 (1970), *aff'd,* 29 N.Y.2d 608, 324 N.Y.S.2d 406, 273 N.E.2d 136, *cert. denied,* 404 U.S. 940, 92 S.Ct. 277, 30 L.Ed.2d 253 (1971); see, *People v. Brown,* 24 N.Y.2d 168, 299 N.Y. S.2d 190, 247 N.E.2d 153 (1969). Further, it is presumed by federal courts of appeals that a trial judge sitting as the trier of fact will be able to exclude any incompetent evidence introduced at trial, absent a showing of substantial prejudice by the defendant. *United States v. Reeves,* 348 F.2d 469 (2d Cir. 1965), *cert. denied,* 383 U.S. 929, 86 S.Ct. 936, 15 L.Ed.2d 848 (1966); *In re Bonanno,* 344 F.2d 830 (2d Cir. 1965); *United States v. Cimino,* 321 F.2d 509 (2d Cir. 1963); *Teate v. United States,* 297 F.2d 120 (5th Cir. 1961). There is no evidence in the instant case to suggest that the trial judge was "directly influenced" by any of the Petitioner's prior convictions which were not properly admitted. In fact, the judge was careful to prevent any questioning on those convictions which were held inadmissible (TT 88). Furthermore, it is clear that Petitioner could have avoided this entire problem by not waiving his right to a jury trial. Absent any showing of substantial prejudice, it must be presumed that the trial judge considered only the competent evidence. Therefore, the second claim raised by Petitioner must be dismissed.

There is some doubt as to whether Petitioner presented his third and fourth claims to the state courts before he sought federal habeas corpus review. If he failed to do so, he has not exhausted his state remedies in accordance with 28 U.S.C. §§ 2254(b) & (c). *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Even assuming that this "exhaustion" requirement has been met, these claims are easily disposed of on the merits.

The third claim asserted by Petitioner alleges that the evidence introduced against him at trial was insufficient to prove his guilt beyond a reasonable doubt. In support of this claim, Petitioner maintains that the trial court relied on a presumption that Petitioner knew the car was stolen to reach a verdict of guilty.

 Absent a complete lack of evidence for the conviction, the question of whether there was sufficient proof for the conclusion reached by the trier of fact is not cognizable on federal habeas review. *United States ex rel. Terry v. Henderson,* 462 F.2d 1125 (2d Cir. 1972); *United States ex rel. Griffin v. Martin,* 409 F.2d 1300 (2d Cir. 1969); *United States ex rel. Nersesian v. Smith,* 418 F.Supp. 26 (S.D.N.Y.1976). Although the trial judge did ask the prosecution during summation whether a presumption would be relied on to meet the elements of the crime of possession of stolen property, there is no evidence that he in fact relied on such a presumption in finding Petitioner guilty. In addition, there was adequate testimony in the record that Petitioner was driving a stolen car without authorization, and the credibility accorded such testimony will not be reviewed here. *See United States ex rel. Young v. Greenhaven Correctional Facility,* 416 F.Supp. 580 (S.D.N.Y.1976). In conclusion, it cannot be said that there was a complete lack of evidence for Petitioner's conviction, and accordingly his third claim does not present an issue of constitutional dimension on which federal habeas corpus relief may be granted.

Finally, Petitioner contends that he did not receive adequate representation of counsel at trial or on appeal. Specifically, he maintains that his trial counsel failed to put in writing an application for bail after Petitioner was sentenced.[12] Additionally, he contends that his counsel on appeal failed to raise a number of issues, including the involuntariness of the statement made by Petitioner to the police before trial.

 The Court of Appeals for the Second Circuit has established a strict standard to determine whether a federal habeas

---

**12.** Petitioner also alleged that this trial counsel failed to move to set aside the guilty verdict pursuant to New York Criminal Procedure Law § 330.30 (1971). The record directly refutes this allegation (TT 128–129).

corpus petitioner received adequate counsel at trial and on direct appeal. In *United States v. Wight,* 176 F.2d 376, 379 (2d Cir. 1949), *cert. denied,* 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950), the Court of Appeals set forth this standard as follows:

> " . . . unless the purported representation by counsel was such as to make the trial a farce and a mockery of justice, mere allegations of incompetency or inefficiency of counsel will not ordinarily suffice as grounds for the issuance of a writ of habeas corpus . . . .
>
> "A lack of effective assistance of counsel must be of such a kind as to shock the conscience of the Court and make the proceedings a farce and mockery of justice." (citations omitted).

*Accord, United States v. Yanishefsky,* 500 F.2d 1327 (2d Cir. 1974); *United States ex rel. Walker v. Henderson,* 492 F.2d 1311 (2d Cir.), *cert. denied,* 417 U.S. 972, 94 S.Ct. 3179, 41 L.Ed.2d 1144 (1974). If Petitioner's trial counsel did neglect to file a written application for bail after his client was sentenced, this would not be a lack of effective assistance of counsel " . . . of such a kind as to shock the conscience of the Court and make the proceedings a farce and mockery of justice." *United States v. Wight, supra,* at 379. Similarly, Petitioner's counsel on appeal was not so inadequate as to fall within the language quoted above. Apparently, he presented to the Appellate Division the first two claims raised in this petition for a writ of habeas corpus. His failure to challenge the admission of Petitioner's statement to the police could have been based on the fact that Petitioner already had received a full pretrial hearing on voluntariness, and the evidence produced at that hearing substantially supported the finding of voluntariness. Therefore in view of the standard laid down in *United States v. Wight, supra,* Petitioner's final claim must be denied.

For the foregoing reasons, Petitioner's application for a writ of habeas corpus is denied in all respects. I further conclude that the petition does not raise questions of substance upon which the Court of Appeals should rule. *See, Alexander v. Harris,* 595 F.2d 87, (2d Cir. 1979). A certificate of probable cause under Rule 22, F.R.App.P., therefore will not issue.

The Clerk of the Court is hereby directed to enter judgment dismissing the petition.

It is So Ordered.