Leonard COLLINS, Petitioner,

v.

Thomas ISRAEL, Respondent.

Civ. A. No. 81–C–159.

United States District Court,
E. D. Wisconsin.

May 20, 1982.

**1212**

Jack E. Schairer, Senior Asst. Public Defender, Madison, Wis., for petitioner.

Bronson C. La Follette, Atty. Gen. by Stephen W. Kleinmaier, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The petitioner Leonard Collins was convicted on October 20, 1976, in Milwaukee County Circuit Court of first degree murder in violation of § 940.01, Wis.Stats., and sentenced to a term of life imprisonment. His conviction was affirmed by the Wisconsin Court of Appeals on July 26, 1979, and the Wisconsin Supreme Court denied a petition for review.

The petitioner has filed an application for a writ of habeas corpus in this court challenging his conviction on three grounds: (1) that the jury instruction on presumptive intent used at his trial impermissibly shifted the burden of proof, see *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); (2) that his confession introduced at his trial was involuntary and contained references to other crimes which should not have been heard by the jury; and (3) that the petitioner was denied due process by an off the record waiver of his not guilty by reason of insanity plea, done by petitioner's counsel without the petitioner's consent. For the following reasons the application will be denied.

In *Pigee v. Israel*, 670 F.2d 690 (7th Cir., 1982), the Seventh Circuit considered the constitutionality of the Wisconsin presumptive intent instruction which was used both in Pigee's trial and in the trial of the petitioner Collins and it concluded that the instruction is constitutional. That decision compels the denial of the petitioner's first claim for relief.

As for his claim based on his confession, the trial court held an extensive pretrial hearing at which it took evidence regarding the circumstances of the confession. The major contention of the petitioner at that hearing was that he had taken a significant quantity of drugs on the day and evening preceding his confession and as a result of his drugged state that the confession was not knowing and voluntary. There was also testimony that the petitioner has a borderline mentality and is slow to comprehend what is said to him, although he is capable of understanding what is explained slowly.

After hearing evidence from the police officer who recorded the petitioner's confession, from the petitioner, from his cousin who was with him on the evening preceding the confession, and from a doctor who examined the petitioner some months after his confession, the trial court concluded that the petitioner had taken only a small quantity of drugs on the evening preceding his confession, that when he turned himself in to the police he was calm, docile, and responsive, and that there was nothing in his

conduct to cause the experienced police officer who interrogated him to suspect that the petitioner might be under the influence of drugs. Accordingly, the court concluded, the petitioner's story of having consumed a large quantity of drugs was fabricated after the event and his confession, at the time it was made, was knowingly and voluntarily made.

The Wisconsin Court of Appeals concluded that the petitioner had waived his right to challenge the use of his confession at trial because he did not move in the trial court for a new trial on that ground. The court of appeals also reviewed the record and the trial court's findings and concluded that those findings had ample support in the testimony.

■ Under 28 U.S.C. § 2254(b) the state court's findings are presumptively correct if the state court considered the merits of a claim and the petitioner received a full, fair, and adequate hearing in the state court. If those criteria are satisfied, then only if the federal court on a habeas corpus petition concludes that the record does not fairly support the state court's factual determinations may it set them aside. *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Smith v. Phillips*, —— U.S. ——, ——, 102 S.Ct. 940, 946, 71 L.Ed.2d 78 (1982); *Nelson v. McCarthy*, 637 F.2d 1291 (9th Cir. 1980), cert. denied 451 U.S. 940, 101 S.Ct. 2021, 68 L.Ed.2d 327. In this case there is more than adequate support in the record made before the trial court for its findings with regard to the petitioner's confession. Therefore, there is no cause for this court to reexamine the record to determine if it might have reached a different decision had it been sitting as the finder of fact.

The petitioner also contends that the trial court erred in permitting testimony on part of his confession relating to "other crimes." Presumably he is referring to his own statement that he threatened to kill the victim about a month before the crime.

■ Evidentiary rulings are not generally subject to review in a habeas corpus proceeding. *United States ex rel. Harris v. State of Illinois*, 457 F.2d 191, 198 (7th Cir. 1972), cert. denied 409 U.S. 860, 93 S.Ct. 147, 34 L.Ed.2d 106 (1972). If, however, the probative value of evidence is greatly outweighed by its prejudicial effect on the defendant, then the admission of the evidence may be reviewed to see if it resulted in a denial of due process and fundamental fairness to the defendant. *Id.* See also *United States ex rel. Durso v. Pate*, 426 F.2d 1083, 1088–1089 (7th Cir. 1970), cert. denied 400 U.S. 995, 91 S.Ct. 469, 27 L.Ed.2d 445; *Holmes v. Israel*, 453 F.Supp. 864, 868 (E.D.Wis.1978).

■ In this case the evidence that the petitioner threatened to kill the victim was relevant and probative of intent. It no doubt was also prejudicial, but not so prejudicial in light of its relevance that its admission denied the petitioner a fair trial. *United States ex rel. Durso v. Pate*, supra, at 1089.

The petitioner's third claim of error concerns the waiver of his plea of not guilty by reason of insanity ("NGI"). The petitioner contends that the waiver was made off the record by his counsel without his consent. At the conclusion of a postconviction hearing on the issue, the trial court concluded that the waiver, while not recorded, was made with the petitioner's consent and was a valid waiver. The petitioner challenges the finding of waiver both on the basis of the evidence presented at the postconviction hearing and on the ground that the judge who presided at the postconviction hearing was not impartial because he also presided at the trial and therefore was a witness to some of the relevant events.

The petitioner's criminal case was originally assigned to Milwaukee County Circuit Court Judge Robert Landry. On the record before Judge Landry petitioner's trial counsel entered pleas of not guilty and NGI on the petitioner's behalf. The court appointed a psychiatrist to examine the petitioner and also authorized the petitioner to obtain an independent psychiatric examination. At the postconviction hearing, petitioner's trial counsel testified that after receiving

reports from and talking to both psychiatrists, whose opinions it was that the petitioner was sane at the time of the killing, he had extended discussions with the petitioner about his plea. Based on the psychiatric reports and also on his belief that the petitioner's best hope was in convincing the jury to return a verdict of second degree murder and that the likelihood of the jury's doing so would be diminished by an NGI plea, petitioner's trial counsel testified that he advised the petitioner to withdraw his NGI plea and the petitioner consented to the withdrawal. Thereafter, he testified, at some point before Judge Landry while they were discussing scheduling problems off the record, petitioner's counsel advised the judge in his client's presence that the client would be withdrawing his NGI plea. The case was subsequently transferred to Judge Terence Evans on the morning of trial because Judge Landry was tied up in an extensive criminal trial. After the jury selection and out of the presence of the jury, but while the petitioner was present in court, petitioner's trial counsel testified that he advised Judge Evans that the case would proceed on a simple plea of not guilty. That notification also was not recorded. The trial proceeded without further reference to an NGI plea and a verdict of guilty of first degree murder was returned by the jury. The petitioner at no time following the start of trial or after the return of the verdict questioned his trial counsel about the withdrawal of the NGI plea. Thereafter an attorney from the State Public Defenders Office took over the representation of the petitioner and, after consulting with the petitioner, he filed certain motions after verdict in the trial court which made no mention of the NGI plea. Later he filed a second set of motions on the petitioner's behalf for postconviction relief based upon the alleged failure to try the case on an NGI plea.

The prosecuting attorney also testified at the postconviction hearing. He recollected a statement being made to Judge Landry while transfer of the case was being discussed to the effect that the petitioner's NGI plea would be withdrawn. He also recollected a similar discussion between Judge Evans and petitioner's counsel in petitioner's presence.

The petitioner testified that he originally wrote to Judge Landry and asked the judge to enter an NGI plea on his behalf. He stated that his lawyer once recommended that he withdraw the plea, but petitioner refused. Thereupon his lawyer got mad and left and the subject was never discussed between them again. Petitioner denied that any statements were made in his presence in court regarding withdrawal of the plea. He admitted that he did not raise the issue of withdrawal of the NGI plea in his talk with his counsel from the State Public Defenders Office before his first postconviction motions were filed.

Judge Evans stated that he had nothing to add to the record. In response to a question from the petitioner's postconviction counsel, however, he stated that he had a vague recollection of both the defending and prosecuting attorneys telling him that the case would proceed to trial on a straight not guilty plea. Thereafter, the judge stated, there was never any mention of the special plea and the issue at trial was restricted to whether the petitioner was guilty of first or of second degree murder. He assumed throughout that the formal withdrawal of the NGI plea had been made before Judge Landry.

At the conclusion of the hearing the judge made findings on the record that the special plea was abandoned by the petitioner prior to trial with his full knowledge and consent. The judge specifically found that the testimony of petitioner's trial counsel was credible and an accurate statement of events, that the trial attorney was highly competent in the area of criminal law, that the withdrawal of the plea was consistent with the lack of psychiatric evidence to support it, the trial strategy regarding second degree murder, and the conduct of the trial itself, and that, had the jury been asked to decide the sanity issue, there was no evidence which would have supported a finding of insanity.

■ Under *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) and 28 U.S.C. § 2254(d), the findings made by the trial court at the conclusion of the postconviction hearing are binding on this court if they are fairly supported by the record and if the hearing itself satisfied the requisites of due process. Findings made after a state postconviction hearing are entitled to a presumption of correctness, *Drake v. Wyrick*, 640 F.2d 912 (8th Cir. 1981), and findings made on the record at the conclusion of a hearing are equivalent to written findings for purposes of § 2254(d) if they are sufficiently clear to be reviewable. *Jackson v. Fogg*, 465 F.Supp. 177 (S.D.N.Y. 1978), aff'd 589 F.2d 108 (2d Cir. 1978).

■ The findings made by the trial court at the conclusion of the hearing have substantial support in the record. The only issue, therefore, is whether—

"(6) * * * the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

"(7) * * * the applicant was otherwise denied due process of law in the State court proceeding; * * *" 28 U.S.C. § 2254(d).

All parties, including the trial judge at the postconviction hearing, have conceded that the withdrawal of the NGI plea should have been made on the record and that the petitioner should have been questioned to ensure that he understood the proceeding. It would be an elevation of form over substance, however, to vacate the judgment of conviction because the appropriate procedure was not followed, where the evidence subsequently presented overwhelmingly supported the court's finding that the plea was in fact abandoned prior to trial with the full knowledge and consent of the petitioner.

In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court held that before a state trial court accepts a guilty plea it must conduct an on-the-record examination of the defendant in essential compliance with Rule 11 of the Federal Rules of Criminal Procedure in order to ensure that the plea is knowingly and voluntarily made. Since *Boykin* was decided, the federal courts which have considered the question have held that where the record made in the state trial court is inadequate to show a knowing and voluntary waiver, the inadequacy may be remedied at a subsequent postconviction evidentiary hearing at which the State bears the burden of showing that the plea was knowingly and voluntarily made. *Fisher v. Wainwright*, 435 F.Supp. 253 (M.D.Fla.1977), aff'd 584 F.2d 691 (5th Cir. 1978); *LeBlanc v. Henderson*, 478 F.2d 481 (5th Cir. 1973); *Roddy v. Black*, 516 F.2d 1380, 1384 (6th Cir. 1975), cert. denied 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147, and cases cited therein; *Des Bouillons v. Burke*, 418 F.2d 297 (7th Cir. 1969) (postconviction hearing on the waiver of the right to counsel at a guilty plea proceeding.)

Without deciding whether or not all of the same safeguards are required for withdrawal of an insanity defense as are required for the entry of a guilty plea, even assuming that they are, in this case the State carried its burden of proving at the postconviction hearing that the petitioner's waiver was knowing and voluntary. The evidence presented demonstrated that the petitioner had a competent trial counsel who was able to evaluate the feasibility of the petitioner's NGI plea and did so and gave to the petitioner his best advice, which was to withdraw the plea, and that he obtained the petitioner's consent to that course of action. The consent should have been recorded. Since it was not recorded through no one's fault, each judge having assumed that the proper record had been made before the other, and the defending and prosecuting attorneys having apparently assumed that the notification to the court of withdrawal of the plea was being recorded, this court is disinclined to grant the writ and in effect to order a new trial for lack of the proper trial court record. At the postconviction evidentiary hearing the petitioner was represented by competent counsel and had an opportunity to present witnesses and to cross-examine. I am satisfied that the hearing was full and fair. I am also

satisfied that the petitioner did in fact knowingly abandon his plea prior to trial and that his application for a writ is, as was his postconviction motion, nothing more than a post hoc effort to avoid the consequences of his conviction.

 As for the alleged partiality of the trial judge, who also sat as the trier of fact at the postconviction hearing, where no circumstances tending to show bias are presented, a judge is presumed to sit without bias, *Bradshaw v. Oklahoma*, 398 F.Supp. 838 (E.D.Okla.1975), and, where he sits as trier of fact, to disregard any inappropriate evidence. *Stephens v. LeFevre*, 467 F.Supp. 1026 (S.D.N.Y.1979). Judge Evans stated on the record that he had only a vague recollection of being advised that the case would proceed on a simple plea of not guilty. He also stated that the trial proceeding throughout was conducted as if there were no issue on insanity. The judge's recollection is consistent with the testimony of the prosecuting attorney, the defending attorney, and even of the petitioner, since the judge had no specific recollection of the petitioner's presence or absence in court when the judge was advised that the NGI plea had been withdrawn. The circumstances do not support any allegation of partiality or bias on the part of the trial judge sufficient to constitute a denial of due process to the petitioner.

For the foregoing reasons,

IT IS ORDERED that the petitioner's application for a writ of habeas corpus is denied and this action is dismissed.